JOHN W. McCLUNG, ET AL., Plaintiffs in Error, *vs.* CHARLES BERGFELD, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Where Defendants in Replevin justify the taking under an execution against A, and allege that the property taken was the property of A, they will not be permitted to show upon the trial that it was the property of B, a stranger to the execution.

An assignment for the benefit of creditors, requiring that the Trustee "shall and do, *as soon as convenient,* sell and dispose of all the lands, goods and chattels," etc., etc., is not void as to creditors.

Where there was evidence upon the trial from which the jury might assess damages at a certain sum, this Court will not consider whether the weight of testimony was in favor of the verdict.

This was an action in Replevin, to recover certain goods, etc., the Defendants below justifying the taking, under an execution against the property of one Frederick Luhrsen, and alleging that the property taken was his property. The Plaintiff's Reply was simply a general denial of the allegations of the answer.

Upon the trial, the Plaintiff claimed the property under a general assignment executed by Luhrsen to him, dated September 20, 1858, and introduced evidence in regard to the value of the property. The Defendants offered in evidence the record of a general assignment of the same property, by said Luhrsen to one Fonck, dated November 27, 1857, "for the

McClung et al. v. Bergfeld.

purpose of disproving and attacking the title of the Plaintiff as against the creditors of said Luhrsen." The evidence was excluded for that purpose, but was allowed to go to the jury for the purpose of showing the nature of the transaction between Luhrsen and the Plaintiff. The assignment under which the Plaintiff claimed, contained the following clause : " In trust however, that the said Charles Bergfeld shall and do, *as soon as convenient*, sell and dispose of all the lands, goods," etc.

The court below refused to charge that the above clause was conclusive evidence of an intent to hinder and delay creditors. The jury returned a verdict against the Defendants, in which they assessed the value of the goods at an amount justified by a portion of the Plaintiff's evidence.

The Defendants review by writ of error.

Points and authorities for Plaintiffs in Error:

*First.*—The Court below erred upon the trial in refusing to admit in evidence the record of the deed of assignment from Frederick Luhrsen to John L. Fonck, to attack the title of Plaintiff below to the goods in controversy. 1 *Greenleaf on Evidence, Sec.* 51 *and* 52, *and cases cited;* 1 *Minnesota Reports,* 92.

*Second.*—Said record was clearly admissible (and so admitted by the Court below) as bearing upon another question in the case :—the question of fraud in the assignment under which the Plaintiff below claims. Being so admissible for one purpose, it was not competent for the Court below, at the time of its admission, to restrict the purposes for which it might be put in evidence. Said Court could rightfully only restrict the bearing of said record as evidence by instructions to the jury in the charge.

*Third.*—The Court below erred in refusing the request of the Defendants below, that the Court should charge the jury that if the jury were satisfied from the evidence, that said Luhrsen made an assignment of the property now in controversy to John L. Fonck previous to the assignment to Plaintiff, and that the same was accepted by the prior assignee, and that the said assignment was never cancelled nor revoked, nor the

property assigned to the said assignor the legal title to the same is not in the Plaintiff, he cannot sustain this action, and they must find for the Defendants. 11 *Wendell* 83 ; 4 *Hill* 271 ; 1 *Hill* 347 ; 7 *Johns.* 273; 2 *Cain* 28; 6 *Watt & Sergeant* 329; 11 *Wheaton* 78; 1 *Curtis* 156; *Burrill on Assignments* 294, 295; 5 *Howard* 445; 12 *Howard* 107, 118; 5 *Paige* 46 ; 4 *Barr* 274, *and* 277 ; 21 *Penn. State Rep.* 29 ; 3 *Humple* 442; 3 *Florida* 124 ; 4 *John.* 136 ; 11 *Paige* 314; 20 *Barb. S. C. Rep.* 392, 405 ; 15 *Arkansas* 55; 13 *Penn. State Rep.* 589 ; 3 *Maryland Ch.* 343 ; 8 *Dana* 247; 11 *Ill.* 503 ; 14 *How. Pr. Rep.* 289.

*Fourth.*—Under the pleadings it was necessary for the Plaintiff below in order to sustain his action, to show title to the goods in question, *as assignee of Luhrsen.* It was not the ordinary case of trespass *de bonis asportatis* brought by Plaintiff in his own right, in which mere possession by the Plaintiff at the time of the taking would sustain the action. It was an action brought by Plaintiff *as assignee of Luhrsen;* and it was as necessary to his right of action to show possession and title as assignee, as it would be for one bringing suit as executor or administrator, to show a cause of action accrued to him in that capacity. 1 *Wisconsin Rep.* 286; 26 *Vermont* 462; 2 *Greenleaf on Evidence, Secs.* 613, 614, *and* 636.

*Fifth.*—The first allegation of the complaint, upon which the whole right of the Plaintiff below stands, is that on the 20th day of September, 1858, one Frederick Luhrsen owned the goods in controversy, and being so their owner assigned them to said Plaintiff. Said Plaintiff claims no other title to said goods. These allegations were (with others) traversed generally by the answer; thus making the said ownership of said goods by Luhrsen, a vital issue in the case. 1 *Greenleaf on Evidence, Sec.* 51; 2 *do, Secs.* 625, 648 *and cases cited;* 1 *Chitty on Pleading* 499 *and cases cited.*

*Sixth.*—The record in question being of an alleged assignment of the goods in controversy, from Luhrsen to one John L. Fonck, on the twenty-seventh day of November, 1857, would have shown (if admitted for that purpose, as claimed by Defendants below) that said Luhrsen had, long before his alleged assignment to the Plaintiff below, sold and assigned the very same goods to said Fonck.

*Seventh.*—The signature of John L. Fonck to said deed would have been at least *prima facie* evidence of his acceptance of the trust thereby created. Even if Luhrsen's testimony were properly admitted to rebut this presumption (which we do not concede) it would have been a question for the jury to decide whether Fonck did accept said trust, and the property in said goods did thereby vest in him. *Burrill on Assignments* 280, 282, 294, 305; 5 *Howard* 445; 12 *do*, 107 *and* 118; 5 *Selden* 142 ; 14 *Barber S. C. Rep.* 39.

*Eighth.*—As there was no evidence offered of any transfer of said goods from said Fonck back to said Luhrsen, proof of said sale and assignment from Luhrsen to Fonck prior to the alleged sale and assignment from Luhrsen to Plaintiff below (under which alone said Plaintiff claims title) would have been fatal to Plaintiff's right to recover, inasmuch as it would have shown, that at the time Luhrsen pretended to sell and assign said goods to said Plaintiff, he (Luhrsen) himself, had no title to said goods.

*Ninth.*—It was thus the right of the Defendants below, that the jury should take into consideration (as bearing upon the power of Luhrsen to pass to the Plaintiff below any title to said goods by his alleged assignment of September 20, 1858) the record offered in evidence of Luhrsen's prior ssignment of the same property, to John L. Fonck, aforesaid.

*Tenth.*—The jury so taking into consideration said record as bearing upon the question of the ownership of said goods by the Plaintiff below, the instruction prayed for by the Defendants below was fit and proper, and should have been given by the court below to the jury.

*Eleventh.*—The court below further erred in refusing to give to the jury the following instructions prayed for by the Defendants below, viz: " That if the jury should find that the transaction between Luhrsen and said Fonck was fraudulent as to creditors, yet as between the parties it is valid and binding; and, if not rescinded, divested him of the power of making another assignment of the same property ;" for the reason that said proposition so requested to be given as an instruction to the jury is law ; and, for the reasons before given applicable to the facts of this case.    20 *Barb. S. C. Rep.* 392 ; 5 *Selden* 142; 28 *Barber S. C. Rep.* 593.

*Twelfth.*—The court erred in neglecting to instruct the jury, that the assignment from Luhrsen to Plaintiff was fraudulent on its face, and made to hinder, delay and defraud creditors, and therefore null and void against creditors, and that they must find for Defendants. 29 *Barb. S. C. Rep.* 539 ; 8 *Barb. S. C. Rep.* 124; 4 *Comstock* 211.

*Thirteenth.*—In that the court refused to instruct the jury, as requested by the Defendant, that if they " were satisfied from the evidence, that it was the intention of the Plaintiff within a reasonable time to have sold the said goods at auction, the price obtained by him for the goods sold as testified to by him, may properly be considered in ascertaing the value of said goods." *Sedgwick on Measure of Damages* 478.

*Fourteenth.*—On the evidence in the case of the value of the goods alleged to have been taken, injured and converted, a verdict could not be based for the amount of that rendered by the jury, unless through the influence of passion or prejudice; and the damages assessed by such verdict must be deemed excessive. 4 *Mass.* 1, 41 ; 5 *id.* 435 ; 8 *Mo.* 431; 4 *Geo.* 428 ; 10 *id.* 37; 2 *Eng.* 435, 462 ; 11 *Ill.* 142 ; 12 *id.* 99 ; 4 *Rich.* 298 ; 6 *id.* 1; 31 *Maine* 528 ; 3 *Cal.* 353.

*Fifteenth.*—For all these reasons the court below erred in refusing to grant a new trial upon the application of the Defendants below; inasmuch as evidence important and material to the Defendants was rejected—instructions to the jury prayed for by Defendant, proper to be made were refused—and excessive damages were given under the influence of passion and prejudice. 5 *Hammond* 485 ; 2 *Bailey* 128; 3 *J. J. Marshall* 229 ; 1 *Blackford* 228 ; 7 *Mass.* 518 ; 3 *Dana* 66 ; 14 *How. Pr. R.* 289.

*Sixteenth.*—As it is apparent from the case that the record in evidence is a complete defence to the action if admitted to disprove title in the Plaintiff, the court should order a new trial that the Defendants below may so amend their answer as to make the said record admissible thereunder upon said question of title, if it should be concluded that it was not admissible to bear upon that point, under the pleadings as they were at the trial. *Nicols vs. Alsop,* 11 *Lou.* 409.

Points and authorities for Defendant in Error.

*First.*—The question as to fraud which was made by the pleadings, and fully presented in evidence, has been settled by the jury, and it is not pretended that any evidence offered by the original Defendants to prove fraud was excluded.

*Second.*—The assignment from Luhrsen to Fonck was properly excluded by the court, except for the purposes for which it was admitted. The complaint alleges that the property was Luhrsen's on the 20th of September, 1858, and on that day assigned to Defendant in error. The answer does not deny that Luhrsen was the owner at the time of the assignment to Defendant in error, and alleges that " said Luhrsen was on the 14th day of December, 1858, and long prior thereto, the real and legal owner of the said property mentioned in the said amended complaint." The assignment to Fonck was offered in evidence by Plaintiffs in error to prove that their other allegation under oath was false. The proposition is not only untenable but absurd. *See any of the authorities cited by counsel for Plaintiffs in error.*

*Third.*—The restriction as to the purposes for which the assignment could be received could only have been such as is conformable to a uniform and indispensable practice. The Judge under a case of the kind can only intimate his opinion to counsel.

If in his charge to the jury he omitted to make the restriction, the Defendant in error was aggrieved and not the Plaintiffs in error.

*Fourth.*—There was nothing upon the face of the assignment from Luhrsen to Defendant in error, showing fraud ; nor does it appear that the attention of the court was called to any such point.

*Fifth.*—There is not a single fact in the case showing that a new trial should have been granted by the court below. I respectfully refer the court to any or all of the authorities cited by the Plaintiffs' counsel.

*Sixth.*—No court ever sent back a cause to an inferior court to enable a party to amend his pleadings for the purpose of taking advantage of a technical objection.

*Seventh.*—But if Plaintiffs in error should prove property in

Fonck, it could not avail them. It would not authorize the Plaintiffs to interfere with our possession.

McClung & Capehart, Counsel for Plaintiffs in Error.

M. Sherburne, Counsel for Defendant in Error.

*By the Court.*—Emmett, C. J. The various points made in the assignment of errors may be reduced to the following:

1. That the court erred in refusing to admit in evidence, the assignment to Fonck for the purpose of disproving the Plaintiffs' title. 2. That the assignment to the Plaintiff below is void upon its face. 3. That the damages are excessive, being given under the influence of prejudice and passion. 4. That the court erred in refusing to charge as requested, and in refusing a new trial.

The Plaintiffs in error have directed twelve of the sixteen points made, to the first of the above propositions, evidently placing more confidence in this than either of the others. We think however that the court below sufficiently answered every objection arising from this source when he placed his refusal to admit the assignment to Fonck upon the unanswerable ground, that it was not put in issue by the parties. A glance at the pleadings will make it apparent that notwithstanding the general form of the denial in the first paragraph of the answer, the real issue afterwards tendered by the Defendants, is that of fraud in the assignment to the Plaintiff. The Plaintiff having set out his title specially, the Defendants did not deny the fact of the assignment through which he claimed, but attempted to avoid it, by alleging that it was fraudulent as against creditors; that the property was still the property of Luhrsen, and that they had a right to take it, and did take it on the process in their hands against Luhrsen's property. These allegations materially qualified the general denial first made, and in effect reduced the issues to the simple question of fraud; for the ownership and possession alleged and denied are included in or depend upon this question alone.

The Defendants having thus alleged property in a third person, naming him, and shown their right to take the property of

McClung et al. *v.* Bergfeld.

the person named, the Plaintiff would naturally direct all his efforts towards disproving this allegation, and might well be surprised at the offer of the Defendants on the trial, to go entirely behind the issue they had tendered, and which he had accepted, and show property in Fonck, whose name had not been mentioned in the pleadings, and whose property the Defendants had no right to intermeddle with.

We hold therefore that the court was right in preventing the Defendants from thus misleading the Plaintiff by alleging property in Luhrsen, and, on the trial, proving it to be in Fonck.   Indeed, the most serious doubt we have had, as to the rulings of the Judge, was as to the propriety of his admitting the assignment to Fonck to be read in evidence for any purpose.   He allowed it to go to the jury for the purpose of showing the nature of the transaction between Luhrsen and the Plaintiff; thus putting the Plaintiff to the necessity of producing evidence to show that the alleged assignment to Fonck had never in fact been consummated, and probably giving to the defence, so far as the jury was concerned, all the benefit that could have been derived from this assignment, had it been admitted expressly for the purpose of disproving the Plaintiff's title.   The charge of the Judge, that " the assignment to Fonck was *prima facie* evidence that he accepted the trust " leads to the belief that the question of the consummation or completion of this assignment, was submitted to and passed upon by the jury in their deliberation, notwithstanding the reiterated declaration that it was not put in issue by the pleadings.   It might well be asked how this assignment could affect the transaction between Luhrsen and the Plaintiff, unless the jury should first pass upon the question of its consummation; a question fairly raised by the testimony which was admitted.

Another error assigned is that the assignment through which the Plaintiff claims title is void upon its face, because of the following clause :

" In trust however and to the intent and purpose that he, the said Charles Bergfeld, shall and do, *as soon as convenient*, sell and dispose of all the lands, goods and chattels," etc.

It is contended that this clause gives to the assignee unlimited discretion as to the time in which he will execute the

trust; that he may consult his own convenience alone, of which he is to be the sole judge.

Were this the proper interpretation to be given to this language, we could not hesitate to declare the assignment void, but we cannot give this meaning to the language used. The term "convenient" is not unusual in instruments of this character. It ordinarily signifies, fit, suitable, proper, without difficulty, and in this sense it is used in this assignment; as directing the assignee to sell and dispose of the property in such time as it is fit, suitable or proper for him to do under all the circumstances, or as soon as it can be done without difficulty. In other words as soon as he reasonably can do so. This gives to him no discretion not warranted by the surrounding circumstances; and as he would have a discretion to that extent had the instrument been entirely silent on the subject, there can be no harm in giving to the assignee, in express terms, all that the law gives by necessary implication.

As to the question of excessive damages, we may remark that there is no sufficient denial of the allegations of the complaint as to the value of the property converted, or of the property returned, unless it be in the general denial found in the first sentence of the answer. If, however, we are confined to this denial, it proves altogether too general; for as the complaint alleges the values of the goods at specified sums, the general denial of these allegations is at best but a denial that they were of the value of the particular sums named.

But aside from this there was testimony which, taken with the admissions of the answer that certain of the property sold at Sheriff's sale for sufficient to satisfy a judgment of $223.65 and costs of sale, fully justifies the verdict.

Luhrsen valued the goods, estimating them at their marked prices, at $2251.75, and if we deduct those returned, at the marked prices, we have a balance of over $900, as the value of the goods which were converted, and this balance we find the jury reduced nearly thirty-three per cent.

Again: Van Hamm estimated the value of the goods which were returned, at $219.18, and says that if they had been in good order they would have been worth "three times more," which would make $876.72. Deducting from this last

McClung et al. v. Bergfeld.

sum his estimate of their present worth, and we have the sum of $657.54 as an estimate of the damage they may have sustained, a sum greater than the amount of the verdict, and that too without estimating the value of the goods converted by the Defendants, which was fixed by Luhrsen at $900, and admitted by the answer to have been sold for over $223.00.

The last objection urged by the Plaintiffs in error is that the Judge erred in refusing to instruct the jury as requested.

As to the specific charges asked for, relating to the assignment to Fonck, they are necessarily involved in the first point we have considered. And with regard to those concerning the assignment to the Plaintiff, we have been unable to detect any error. Without taking into consideration the fact that the Defendants below did not allege or show that they were either of them creditors of Luhrsen at the time of his assignment to the Plaintiff and for that reason might have little cause to complain of this disposition of his property, we think that every material issue made by the pleadings was fully and fairly submitted to the jury by the charge of the court. That the charge concerning the assignment to the Plaintiff was highly favorable to the Defendants, and that the Judge could not have gone further than he did without, in effect, taking the question of fraud from the consideration of the jury and deciding it himself.

The hardships of which the Defendants complain, could easily have been avoided by an amendment of their answer, but they chose the rather to trust their case without availing themselves of a privilege which would have enabled them to get in the evidence which was excluded.

Judgment affirmed.