## Montgomery *versus* Cunningham.

1. Where, on the trial of a case, evidence is not objected to at the time it is put in, and a motion is subsequently made to strike it out, the refusal of such motion by the court is not the subject of a bill of exceptions.

2. An acknowledgment of a debt, in order to take it out of the operation of the statute of limitations, must be unconditional, the debt must be admitted as a subsisting debt, and be so referred to and designated as to show clearly what it is the debtor intends to pay, and must be such that a promise to pay it is clearly implied.

October 19th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent. CLARK, J., did not sit.

ERROR to the Court of Common Pleas of *Indiana county:* Of October and November Term 1883, No. 112.

Assumpsit, brought February 3rd 1880, by John Montgomery against William Cunningham, to recover a sum of money alleged to have been paid by plaintiff as surety for defendant on a note which matured in 1851, and also a sum alleged to

[Montgomery *v.* Cunningham.]

have been loaned by plaintiff to defendant, in 1854. Pleas, non assumpsit, non assumpsit infra sex annos, payment, payment with leave, &c.

On the trial, before Blair, P. J., the plaintiff testified in his own behalf, in chief, as to the payment by him of the note on which he was surety for defendant, and as to the alleged loan. In order to show a promise by the defendant within six years to pay said debts, he testified that on March 4th 1874, he had the following conversation with defendant. Plaintiff said : " You never sent me the money that I gave you to go to California. . . . You are aware that I was sued and had that $500 to pay. He put his hand in his pocket and pulled out three gold drafts, triplicates. I had them in my hand. He asked, what can I get for that in the bank ? He said he would pay me and make it all right. We came up to the bank. . . . He wanted to get the money. I concluded he was going to pay me right there. He left the draft for collection. . . A few weeks after that I wanted him to settle. He said, John, it's so long, or it's too long."

On cross-examination, the plaintiff testified, inter alia : " I. took the benefit of the bankrupt law, and was discharged after Cunningham went to California and before he came back. This paper is my discharge in bankruptcy." " Defendant offers discharge in evidence. Not admitted at present. . . . Plaintiff rests. Defence opened. Offers in evidence certificate of discharge in bankruptcy, dated April 13th 1868. Objected to as irrelevant."

Subsequently plaintiff's counsel moved to strike out all testimony of John Montgomery relating to his bankruptcy, and the discharge, on the ground that it was not proper cross-examination, the witness not having been interrogated on the subject in chief ; that it was an attempt to establish a record by parol ; and that evidence of the plaintiff's bankruptcy was not admissible under the pleadings. Motion overruled. Exception.

The court charged the jury, inter alia : " In considering the nature of the alleged promise, it will be proper to look at all that transpired between the parties on the occasion of the interview alluded to. . . . It is for you to say whether any promise was made, and if so, what was its nature and extent. You are the judges as to the credibility of the witnesses. To take a case out of the statute, the debt must be admitted as a subsisting debt, and so referred to and designated as to show clearly what it is that the debtor intends to pay. . . . If there was an unconditional promise to pay this note and the borrowed money, the statute of limitations would not stand in the way of a recovery, but if the promise related to a debt or sum of money to

[Geist's Appeal.]

be found due upon examination and settlement of affairs at Middletown, the verdict should be for the defendant."

Verdict and judgment for the defendant. The plaintiff took this writ of error, assigning for error the refusal of the court to strike out the plaintiff's cross-examination as to the fact of his bankruptcy, and the charge of the court, above quoted.

*Harry White* (*J. A. C. Ruffner* with him), for the plaintiff in error.

*J. N. Banks* (*D. S. Porter* with him), for the defendant in error.

The opinion of the court was filed October 29th 1883.

PER CURIAM.        The refusal of a motion to strike out evidence received without objection, is not the subject of a bill of exceptions: Ashton *v.* Sproule, 11 Casey 492 ; Oswald *v.* Kennedy, 12 Wright 9 ; Yeager *v.* Weaver, 14 P. F. Smith 425.        Moreover the parol evidence referred to in the first specification of error, was followed by the certificate of discharge being given in evidence.

The plaintiff has no just cause of complaint with the charge of the court as to the evidence of the kind of admission necessary to take the case out of the operation of the statute of limitations.        The acknowledgment must be clear, distinct and unequivocal: Palmer *v.* Gillespie, 14 Norris 340.        It must be such that a promise is clearly implied: Id.        We see no error to correct.

Judgment affirmed.