## C. S. LOWREY v. B. S. ROBINSON, ADMR.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY.

Argued February 24, 1891—Decided March 30, 1891.

141  189
142  178
141  189
169  332
141  189
189  413

141        189
23 SC ³118
141        189
31 SC ²205

1. Where evidence was given without objection, the refusal by the court below of a motion to strike it out. is not reviewable in the Supreme Court: Montgomery v. Cunningham, 104 Pa. 349. Nor, is the refusal of the defendant's motion for the entry of a judgment of nonsuit: Schubkagel v. Dierstein, 131 Pa. 46.

2. An unexplained delivery of money or a check by one person to another, does not of itself create the relation of debtor and creditor between the parties; the presumption, in such case, is that the money or check was received in payment of an antecedent debt or a loan.

3. In respect of the statute of limitations, a declaration of an intention to pay, made to one not the creditor or his known agent, is not the equivalent of a promise to pay; it is more in the nature of the expression of a desire to pay, and from this there is no implication of a promise.

4. No distinct and unconditional promise to pay being disclosed, and no clear and unequivocal acknowledgment and identification of the debt, consistent with a promise to pay it, and the proofs of the original indebtedness being wholly inadequate, the plaintiff was not entitled to recover.*

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 180 July Term 1890, Sup. Ct.; court below, No. 571 June Term 1887, C. P.

On June 9, 1887, an appeal by the plaintiff was entered from the judgment of a justice of the peace in an action of assumpsit by C. S. Lowrey against B. S. Robinson, administrator of C. S. Robinson, deceased, to recover the sum of $40, alleged to have been loaned by the plaintiff to the defendant's decedent some time in the year 1875. On February 18th, the defendant pleaded non-assumpsit, and the statute of limitations.

At the trial on December 6, 1889, William Slocum, called for plaintiff, testified that he had seen the plaintiff give money to the deceased "lots of times;" that in the winter of 1875 he

---

* Cf. Kelly v. Eby, ante 176.

Statement of Facts.

let him have twenty dollars, but he heard no part of the conversation at the time: "Q. If you have since had any conversation with Mr. Robinson, in regard to these sums of money that were loaned, state when it occurred, and what it was? A. Well, I was there once in the house, sitting there; got to talking about Mr. Lowrey; I says to him, 'By-the-way, Charlie wanted me to collect that little bill you owe him.' 'Well,' he says, 'I will pay Charlie when I get ready,' he says; 'he can wait.'"

At the close of his cross-examination of the witness, the defendant moved that the last portion of the witness's testimony with reference to his conversation with Mr. Robinson, be stricken out, for the reason that, if an acknowledgment at all, it was not an acknowledgment consistent with a promise to pay.

By the court: Motion refused.[1]

Cyrus Barrowcliff, called for plaintiff, testified that in the winter of 1883 or 1884, he was present when Lowrey asked Robinson for a bill that he owed him; it seemed he had two bills: "Q. Whatever you heard them say together is what we want to know. A. He asked him for those bills, or for one of them, and he told him,—it seems one was borrowed money and the other was a bar bill,—he told him he would pay the borrowed money, but he never should pay him any more bar bill.' George Stansbury testified that, about fifteen years before, he heard Lowrey and Robinson talk "in regard to their bills of indebtedness," and Robinson gave Lowrey a check for some bill that he owed him. Whitney Chamberlain testified that he had a conversation with Robinson in 1883: "Q. State what you heard Mr. Robinson say? A. Why, he said that he had borrowed some money of Charlie; he was going to pay it to him, but he said Charlie hadn't used him right; he said, 'I am going to pay it to him, when I get damn good and ready.'"

At the end of a cross-examination of this witness, the defendant moved "that the testimony as to the acknowledgment of Mr. Robinson to pay this debt be stricken out."

By the court: Motion refused.[2]

The plaintiff then and last called Alfred Townsend, who testified that in Robinson's lifetime the witness was sent to him by Mr. Lowrey: "Q. What took place between you and Mr. Robinson? A. Mr. Lowrey gave me a bill to go down to

Charge of Court below.

Mr. Robinson's for to collect some money. Q. Did you see Mr. Robinson? A. I did, sir. Q. What conversation did you have with him about it? A. I gave Mr. Robinson the bill, and he looked it over, and he said,—there was a bar bill on it,—and he said that the money,—that he didn't have it just at present, but he intended to pay it when he had it; that he didn't have it at that time. Q. The borrowed money he intended to pay, but he didn't have it at that time? A. Yes, sir. Q. Say anything about anything else? A. He said the other bill,—why, he thought he had paid enough of that kind. Q. What did you mean by the other bill? A. The bar bill. Q. He said about the bar bill that he thought he had paid enough of bar bills? A. Yes, sir. Q. Do you remember how much the borrowed money was? A. The bill said forty dollars. Q. When did that conversation occur? A. It was either some time in May or June, in 1884."

The plaintiff then rested, when the defendant moved for a judgment of nonsuit, for the reasons that: (1) The original indebtedness had not been sufficiently established; (2) the acknowledgments proved had not been shown to relate to the same indebtedness; (3) most of them were not consistent with a promise to pay, and the indebtedness was not sufficiently identified; (4) except in a single instance, the promises were not to the plaintiff or to his known agent.

By the court: Motion refused; exception.[5]

The case then closing on the testimony, the court, SITTSER, P. J., 44th district, specially presiding, charged the jury:

The parties in interest of course are incompetent to testify as to transactions occurring in the lifetime of C. S. Robinson, who is now dead, and the plaintiff has attempted by the testimony of various witnesses to establish the fact that some time C. S. Robinson borrowed some money of the plaintiff.

The first witness called upon that subject was William Slocum, and you heard his testimony. He testifies he saw the plaintiff and C. S. Robinson together; that he saw Mr. Lowrey hand some money to Mr. Robinson. His testimony in chief would seem to indicate that the money was then borrowed by Robinson of Lowrey. On cross-examination, you recollect what he said of the conversation between the parties; he did

Charge of Court below.

not hear it, but heard Lowrey say it was borrowed money. The other witnesses were called, Cyrus Barrowcliff, George Stansbury and Whitney Chamberlain, not in the view of proving previous indebtedness, but, as I understand, a promise to pay an indebtedness or an acknowledgment of it. There is nothing in the testimony of these witnesses that would go to show an unequivocal acknowledgment of the debt, or a promise to pay it, that would take it out of the statute of limitations.

[The last witness, however, called by the plaintiff, by the name of Townsend, testified as to a conversation that occurred between him and C. S. Robinson some time in May or June, 1884. You will recollect what his testimony was on the subject. As I remember it, he stated substantially, that in May or June, 1884, he had a bill given to him by Mr. Lowrey against C. S. Robinson; that he was then in the employ of Mr. Lowrey, who sent him to collect that bill; that he presented it to Mr. Robinson; Mr. Robinson looked at it and stated that the bar bill contained upon it he would not pay, but the borrowed money he would, and that the bill contained an item of forty dollars. If C. S. Lowrey, through his agent presented a charge of forty dollars for borrowed money, and the defendant on looking at that item admitted that the forty dollars was borrowed money, that is evidence of that fact for you, if you believe the witness. If he said to this witness that he would pay it, it was an express, unequivocal promise, such a promise as would take it out of the statute of limitations, even if the indebtedness was over six years old when this suit was brought.] [3] You heard the testimony of this witness. You are the judges of his credibility; and, if the testimony satisfies you that there was at this time an admission that he owed the plaintiff forty dollars of borrowed money, and that he promised to pay it, your verdict should be for the plaintiff. If not, then your verdict should be for the defendant. If you find for the plaintiff, he will be entitled to interest from the time the debt was due.

—The jury returned a verdict for the plaintiff for $52.80. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, specifying that the court erred:

1, 2. In refusing defendant's motions to strike out.[1] [2]

Arguments.

3. In the portion of the charge embraced in [ ] [3]

4. In submitting the case to the jury upon the evidence.

5. In refusing the defendant's motion for nonsuit.[5]

*Mr. H. M. Hannah,* for the appellant.

As to an acknowledgment of an indebtedness, counsel cited: Palmer v. Gillespie, 95 Pa. 344; Wesner v. Stein, 97 Pa. 326; Landis v. Roth, 109 Pa. 621; Burr v. Burr, 26 Pa. 284; McKinney v. Snyder, 78 Pa. 497. That it must be made to the creditor, or his known agent: Gillingham v. Gillingham, 17 Pa. 302; Kyle v. Wells, 17 Pa. 286; Wells v. Pyle, 1 Phila. 21; Wesner v. Stein, supra; Chandler v. Glover, 32 Pa. 509; McKinney v. Snyder, supra; Spangler v. Spangler, 122 Pa. 359. As to the necessary identification of the debt: Suter v. Sheeler, 22 Pa. 310; Landis v. Roth, supra; Shitler v. Bremer, 23 Pa. 413; Palmer v. Gillespie, supra; Wesner v. Stein, supra; Chapman's App., 122 Pa. 331; Kensington Bank v. Patton, 14 Pa. 479; Bell v. Morrison, 1 Pet. 351; Lawson v. McCartney, 104 Pa. 356. As to the vague and indefinite character of the promise: Laforge v. Jayne, 9 Pa. 410; Chandler v. Glover, supra; Bell v. Morrison, supra; Love v. Hough, 2 Phila. 350; Storm v. White, 6 Phila. 531. That there was no sufficient proof of a pre-existing indebtedness: Best on Presumptions, 176; Flemming v. McClain, 13 Pa. 177; Masser v. Bowen, 29 Pa. 128.

*Mr. Henry A. Knapp,* for the appellee.

The testimony of Slocum and Chamberlain being given without objection, the proper course was to request the court to instruct the jury to disregard it: Robinson v. Snyder, 25 Pa. 203; Ashton v. Sproule, 35 Pa. 492; Oswald v. Kennedy, 48 Pa. 9; Yeager v. Weaver, 64 Pa. 425; Montgomery v. Cunningham, 104 Pa. 349. The refusal of a nonsuit is not assignable as error: Ballentine v. White, 77 Pa. 20. The acknowledgment of the debt was sufficient: Palmer v. Gillespie, 95 Pa. 340; Wesner v. Stein, 97 Pa. 322; Montgomery v. Cunningham, supra; Bolton v. King, 105 Pa. 78; Landis v. Roth, 109 Pa. 621; Shaeffer v. Hoffman, 113 Pa. 1; Yost v. Grim, 116 Pa. 527.

Opinion of the Court.

OPINION, MR. JUSTICE McCOLLUM:

The refusal of the trial court to strike out evidence received without objection, or to enter a compulsory nonsuit, is not reviewable here, and upon this ground the first, second, and fifth specifications of error are dismissed : Montgomery v. Cunningham, 104 Pa. 349 ; Schubkagel v. Dierstein, 131 Pa. 46.

The third, fourth, and sixth specifications may be considered together, as they raise substantially the same question.

In 1887, Lowrey brought this action against Robinson's administrator to recover forty dollars, which he alleges he loaned to Robinson in 1875. Slocum testified on the trial that some time in the year 1875 he saw Lowrey hand twenty dollars to Robinson, but that he did not hear any conversation between them respecting it. An unexplained delivery of money or a check by one person to another, does not create the relation of debtor and creditor between the parties; the presumption in such case is that the money or check was received in payment of an antecedent debt, and not as a loan. There is no evidence in this case of anything said or done by the parties within the next seven years explanatory of this transaction, or which would render Robinson liable to an action for the money so delivered to him. It is claimed, however, that in 1883 or 1884 Robinson made some declarations to the effect that he had previously borrowed money of Lowrey which he intended to pay when he got ready or was able. But none of these declarations referred in terms to the alleged loan in 1875, to the time when any loan was made, or the amount thereof. They were offered and received for the purpose of establishing an acknowledgment of or a promise to pay a pre-existing debt, and of removing the statutory bar to its collection. They were not intended to and cannot create an obligation, nor convert that which was a payment or gift into a loan.

The sole reliance of the appellee is the declaration testified to by Alfred Townsend, and on that the court below permitted a recovery. Is it sufficient to remove the bar of the statute, in a case where the existence of the debt is satisfactorily shown ? On this point, Townsend testified as follows :

" Mr. Lowrey gave me a bill to go down to Mr. Robinson's for to collect some money. Q. Did you see Mr. Robinson ? A. I did, sir. Q. What conversation did you have with him

about it?   A. I gave Mr. Robinson the bill, and he looked it
over, and he said,—there was a bar bill on it, and he said that
the money—that he didn't have it just at present, but he in-
tended to pay it when he had it; that he didn't have it at that
time.   Q. The borrowed money he intended to pay, but he
didn't have it at that time?   A. Yes, sir.   Q. Say anything
about anything else?   A. He said the other bill,—why, he
thought he had paid enough of that kind.   Q. What did you
mean by the other bill?   A. The bar bill.   Q. He said about
the bar bill that he thought he had paid enough of bar bills?
A. Yes, sir.   Q. Do you remember how much the borrowed
money was?   A. The bill said forty dollars.   Q. When did
that conversation occur?   A. It was either some time in May
or June, in 1884."

It is noticeable that there is not in the conversation detailed
by Townsend any admission by Robinson that he was indebted
to Lowrey for borrowed money in any sum whatever, nor any
promise to pay him any sum at any time.   The bill which was
presented to Robinson was not exhibited on the trial, and no
attempt was made to account for its non-production.   The
items of it showing dates and amounts were not given.   The
inferences of counsel, though assented to by the witness, are
not a satisfactory substitute for the declarations of the party
whose estate it is sought to charge, nor is the statement of the
witness that " the bill said forty dollars " a sufficient identifica-
tion of the alleged loan.   A claim twice barred by the statute
of limitations should have a better foundation as respects its
origin and the subsequent acknowledgment of its validity,
than is disclosed by the evidence in this case.   A declaration
of an intention to pay is not the equivalent of a promise to pay;
it is more in the nature of the expression of a desire to pay,
and from this there is no implication of a promise.   In this case,
there is no distinct and unconditional promise to pay, nor clear
and unequivocal acknowledgment and identification of a debt,
and the proofs of an original indebtedness are wholly inade-
quate.

> Judgment reversed, and a venire facias de novo
> awarded.