149 So. 718

## PASS v. FIRST NAT. BANK OF ONEONTA.
### 6 Div. 459.

Court of Appeals of Alabama.
Sept. 12, 1933.

P. A. Nash, of Oneonta, for appellant.

J. T. Johnson, of Oneonta, for appellee.

BRICKEN, Presiding Judge.

Appellee brought suit against appellant on a series of four promissory notes for $100 each. These notes were executed by appellant on October 9, 1925; the first note becoming due on November 1, 1926, and one on the 1st day of November each year thereafter.

The pleadings were in short by consent; the principal defense being a failure of consideration.

The court gave the general affirmative charge for plaintiff. This action of the court is made the basis of assignments of error 1 and 2. Assignment No. 3 is based upon the action of the court in overruling defendant's motion to set aside the verdict of the jury and grant him a new trial.

From the record, the facts appear to be that the community where the defendant lived in Cleveland, Ala., was in need of a new school building in the fall of 1925; and the patrons 'of the school undertook to erect such new school building and also to have established at Cleveland, Ala., a school which was to be a high school. They ran out of funds with which to complete the building; a meeting was called by the chairman of the building committee, H. C. Blackwood, of the patrons of the school for the purpose of raising funds to complete this building.

The plan adopted by the patrons of the school at this meeting was for the patrons to execute notes payable to the First National Bank of Oneonta, appellee in this case, payable one, two, three, and four years for just such an amount as each patron chose to make his respective notes; these subscription notes to be turned over to the bank when executed as collateral security to the notes of the building committee, which was composed of A. L. Bryan, H. C. Blackwood, and Earl Dean.

There was no money with which to complete the building, the building committee, with the assistance of these citizens, borrowed $1,350 from the bank, giving the notes of the committee, and placed as collateral security thereto the notes of the appellant, together with the notes of the other patrons of the school, and this $1,350, had to be raised before the building could be finished, and these notes had no other consideration except to get the money to complete this high school building at Cleveland, Ala. After the money was borrowed, the building was then completed.

There is no dispute about the fact that the money was advanced by the appellee on the faith of appellant's notes which are the foundation of this suit, and that the high school building was then finished. Nor is there any question of fraud in this case. As stated, the appellant's only contention is failure of consideration. In this connection he insists that there was to be an accredited high school established at Cleveland, Ala., but as to this it appears that appellee was in no manner connected, and it appears from the record that appellant, in conjunction with other citizens, undertook to obtain an accredited high school from the county board of education by and through whom only could such school be established. The appellant testified: "I knew when I signed those notes that it was for the purpose of obtaining money to finish that building for a high school. There wasn't no half done to the building when I signed those notes, it was to get a high school." There is no dispute in the evidence that the school thus completed is a high school carrying all the grades of such except the twelfth grade. And the appellant further testified that he did not know whether this was a high school or not; in fact, he testified that he does not know what it takes to constitute a high school, that is, an accredited high school.

The lower court properly held that the defense interposed by appellant could not be maintained, and the action of the court in directing a verdict for plaintiff was correct and in line with universal decisions of the appellate courts of this and other states.

■ Subscription contracts are favored in law as calculated to foster public and quasi public enterprises. As a matter of public policy, the courts are desirous that subscribers should not evade their deliberate promise of contribution, and their tendency therefore is to adopt such a rule as will sustain the subscription as a legal obligation. 25 R. C. L. 1398, 1399, and numerous cases cited.

■■ A consideration is necessary to make a subscription a binding obligation. But it need not exist at the time of its making, but may be supplied by the subsequent conduct of the payee or beneficiary. In other words, the mutuality of the promise is tested by the situation existing at the time it is sought to enforce the subscription, not by that existing at the time of the signing of the instrument. And, when a party or institution for whose benefit a subscription is made acts thereon, and, as here, incurs legal liabilities and expense on the faith thereof, the promise ripens into an enforceable contract. South v. First Nat. Bank of Fayette, 17 Ala. App. 569, 88 So. 219; Ex parte South, 205 Ala. 31, 88 So. 221. See, also, 60 Corpus Juris, pp. 956, 961. There it is stated: "In accordance with the general rule, where a representation which induced the subscription is promissory in its nature, and not a statement of existing fact, it has been held that the contract cannot be avoided by the subscriber because of such misrepresentation."

Assignment of error 3 cannot be sustained. The court properly overruled defendant's motion for a new trial.

Affirmed.