CONTINENTAL COMPANY OF LINCOLN, APPELLEE, V. HENRY
F. EILERS, APPELLANT.

278 N. W. 497

FILED MARCH 18, 1938. NO. 30235.

*Ginsburg & Ginsburg* and *Raymond B. Morrissey,* for
appellant.

*Beghtol, Foe & Rankin, Jay C. Moore* and *Robert S. Finn,*
contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE and
CARTER, JJ., and FALLOON, District Judge.

CARTER, J.

This action was brought by the plaintiff against the de-
fendant, Henry F. Eilers, to recover upon a subscription
to the St. John's Lutheran Church of Sterling, Nebraska.
The trial resulted in a judgment in favor of the plaintiff.
From this judgment, the defendant appeals.

The facts, so far as material to the question here pre-
sented, are substantially as follows: During the year 1929,
St. John's Lutheran Church, through its proper officers,
undertook to secure subscriptions to provide the necessary
funds for the building of a new church. The defendant
signed a note payable to the church in the amount of $1,000,
payable in instalments, which contained the condition that
"this agreement is not valid unless a sum total of $30,000
has been signed." The note was subsequently assigned to

the plaintiff as collateral to a loan made to the church. At the time this suit was commenced, signed pledges in the amount of $25,675 had been obtained, of which two in the net amount of $350 were improperly included for the purposes of this suit because of additional conditions written into the subscription notes. It is not disputed that valid signed pledges were obtained in the amount of $25,325. The church, however, received cash from other sources in the amount of $5,210. This cash item consists of $4,300 collected from oral pledges, and $910 obtained as cash donations and contributions from the parishioners of the church. The question for determination is whether the cash item of $5,210 may be properly added to the $25,325 in signed pledges in order to meet the condition of $30,000 in signed pledges as hereinbefore mentioned. If the $5,210 in cash can be included, plaintiff is entitled to recover; otherwise, defendant is entitled to judgment.

It is of course necessary that conditions precedent contained in a subscription contract be complied with in order to bind the subscriber. Whether or not a condition precedent has been complied with is tested by the situation existing at the time it is sought to enforce the subscription, not by that existing at the time of the signing of the instrument, in the absence of a specific limitation to the contrary in the subscription agreement. *Owenby v. Georgia Baptist Assembly*, 137 Ga. 698, 74 S. E. 56; *Irwin v. Lombard University*, 56 Ohio St. 9, 46 N. E. 63.

Subscription contracts are favored in law as calculated to foster public and quasi-public enterprises. As a matter of public policy, the courts are desirous that subscribers should not evade their deliberate promise of contribution, and their tendency therefore is to adopt such a rule as will sustain the subscription as a legal obligation. *Pass v. First Nat. Bank*, 25 Ala. App. 519, 149 So. 718; 25 R. C. L. 1398, sec. 4.

A literal compliance with a condition precedent is not required. Where there has been a substantial compliance, a recovery may be had. 60 C. J. 964. In the case at bar,

the defendant complains that the possession of $5,210 in cash in lieu of a like amount of signed pledges is not a compliance with the condition precedent. This contention is highly technical. It was clearly the intent of the defendant that his subscription agreement should become a binding obligation when the sum of $30,000 was pledged. Certainly he cannot be heard to complain because cash has been taken as a part of it instead of "signed" pledges. The collection of cash to make up the difference between the amount of signed pledges and the amount required to make the condition effective is a substantial compliance with the condition precedent contained in the agreement.

The facts disclose that the church has been built according to the original plan. The purpose of the undertaking has been accomplished. The necessary consideration to make the subscription note a binding agreement is therefore existent. The condition precedent was substantially complied with and the defendant cannot now evade his promise to pay the amount that he subscribed to the enterprise. The trial court was right in entering judgment for the amount found due on his subscription note. The judgment is

AFFIRMED.