THE AMERICAN UNIVERSITY, a corporation of the United States of America, v. WILLIAM L. TODD, Executor under the Last Will and Testament of Mary T. Gambrill, deceased.

*(September* 22, 1938.)

HARRINGTON and RICHARDS, J. J., sitting.

*Charles F. Richards* for plaintiff.

*Melson and Killoran* for defendant.

Superior Court for New Castle County, Action of Assumpsit, No. 129, March Term, 1938.

HARRINGTON, J., delivering the opinion of the Court:

This case is before us on the petition of William L. Todd, Executor of Mary T. Gambrill, deceased, to vacate a judgment for $5,000, entered against him, as executor, at the suit of "The American University". That judgment was entered without trial on an affidavit of demand, and without any affidavit of defense having been filed by the defendant. The plaintiff's suit and the judgment entered in its favor was based on a written instrument, not under seal, dated March 27th, 1928, apparently signed by Mrs. Gambrill, and purporting, on its face, to be given "In consideration of one dollar in hand paid * * * and also in consideration of my (her) interest in Christian Education and for and in consideration of the mutual promises of other Subscribers to The American University Fund for Endowment, Buildings, Betterments, Equipment, Liquidation, and Expenses".

Based on these alleged considerations, it appears from the instrument sued on that Mrs. Gambrill promised and agreed with the said "The American University" to pay to it "for its said Fund the sum of Five Thousand Dollars ($5,000.00), payment to be made to the Treasurer of said

The American University * * * at my (her) convenience". A memorandum, in ink, was, also, written on the face of that instrument stating that it was "Given for a Scholarship".

 "A promise, which is made conditionally on the will of a promisor, is generally of no value, for one who promises to do a thing, only if it pleases him to do it, is not bound to perform it at all". 13 *Cyc.* 634; *Blaine v. Publishers George Knapp & Co.,* 140 *Mo.* 241, 41 *S. W.* 787; *Sabarsky v. Drew,* 176 *App. Div.* 80, 162 *N. Y. S.* 505; *Taylor et al. v. Brewer et al.,* 105 *Eng. Repr.* 108.

The petitioner, the defendant in the judgment, contends that a promise to pay "at my convenience" is a promise of that nature, which neither Mrs. Gambrill nor the executor of her estate, could be compelled to perform. He cited *Carlson v. Johnson,* 275 *Mich.* 35, 265 *N. W.* 517; *Nelson v. Von Bonnhorst,* 29 *Pa.* 352; *Barnard et al. v. Cushing et al.,* 4 *Metc.* (*Mass.*) 230, 38 *Am. Dec.* 362; but none of those cases involved language similar to that used in the instant case.

In *Carlson v. Johnson, supra,* the language of the instrument sued on was: "Now therefore in consideration of said premises, the said Frederick L. Johnson hereby acknowledges his indebtedness as hereinabove stated with the understanding that the same is not to be paid until such time as he feels that he is able and willing to re-pay the same".

In *Nelson v. Von Bonnhorst, supra,* the language of the alleged promise was: "Which I hereby agree to pay whenever in my opinion my circumstances will be such as to enable me so to do".

In *Barnard et al. v. Cushing et al., supra,* the following memorandum, signed by the payee, was written on the back of a promissory note: "We agree not to compel pay-

ment for the amount of this note, but to receive the same when convenient for the promisors to pay it".

In view of the language used, our conclusion, therefore, is that Mrs. Gambrill promised to pay the $5,000 in question, and that payment was not merely optional on her part, regardless of her circumstances. *Cranshaw v. Hornstedt*, 3 *T. L.* 426. In considering the precise meaning of a promise to pay at my convenience, we must bear in mind, however, that: "Convenience" means "the state or character of being convenient * * *"; "Freedom from discomfort or trouble * * *"; "that which gives ease or comfort * * *"; "that which is handy"; "at (one's) convenience; when it is convenient". *Cent. Dict.*

"Convenient" means suitable; opportune; handy (*Cent. Dict.*); and "conveniently" means "with ease; without trouble or difficulty". *Cent. Dict.; McClung v. Bergfeld*, 4 *Minn.* 148 (*Gil.* 99).

The promise of Mrs. Gambrill was, therefore, to pay when it was convenient or opportune; when payment could be made without difficulty, discomfort, trouble or personal inconvenience to her in a financial way.

Such a promise was, in effect, a promise to pay when able. *Edmunds v. Downes*, 2 *Cromp. & M.* 459, 149 *Eng. Repr.* 840; *Cocks v. Weeks*, 7 *Hill* (*N. Y.*) 45; *Waters v. Thanet*, 2 *Q. B.* 757, 115 *Eng. Repr.* 295; *Cranshaw v. Hornstedt*, 3 *T. L.* 426; *Lowrey v. Robinson*, 141 *Pa.* 189, 21 *A.* 513; *Hammond v. Smith*, 33 *Beav.* 452; *Gemmell v. Colton*, 6 *U. C. C. P.* 57.

In *Edmunds v. Downes, supra*, the promise to pay was "as soon as convenient". During the argument of that case, Bayley, Baron, said: "As soon as my situation will allow, as soon as it is in my power, or as soon as I am able * * * all of these expressions have been held to be conditional promises, and this comes very near those cases".

In *Cocks v. Weeks, supra,* the promise of the defendant was to pay "as soon as he conveniently could".

In *Waters v. Thanet, supra,* the promise to pay was "whenever my circumstances enable me to do so".

In *Lowrey v. Robinson, supra,* the promise to pay was "when he had it".

In *Gemmell v. Colton, supra,* the language used was "I shall remember you as soon as possible".

There are cases which hold that a promise to pay when convenient is a promise to pay in a reasonable time (*Smithers v. Junker,* (*C. C.*) 41 *F.* 101, 7 *L. R. A.* 264; *Lewis v. Tipton,* 10 *Ohio State* 88, 75 *Am. Dec.* 498; *Black v. Bacheder,* 120 *Mass.* 171; *Newsam v. Finch,* 25 *Barb.* (*N. Y.*) 175; *Howes' Executors v. Woodruff,* 21 *Wend.* (*N. Y.*) 640; *Works v. Hershey,* 35 *Iowa* 340; *Daniel on Negotiable Instruments* 137), and of these cases *Smithers v. Junker* is particularly apposite, but such a conclusion does not seem to us to be a reasonable construction of that language, or in accord with the weight of authority.

A promise to pay when able is a conditional promise, and proof of ability to pay is, therefore, always an essential element of the plaintiff's case. *Edmunds v. Downes,* 2 *Cromp. & M.* 459, 149 *Eng. Rep.* 840; *Cocks v. Weeks,* 7 *Hill* (*N. Y.*) 45; *Work v. Beach,* 59 *Hun* 625, 13 *N. Y. S.* 678; *Willist. on Contracts, Sect.* 804; 27 *L. R. A.* (*N. S.*) 300, *note;* 94 *A. L. R.* 721.

That fact does not appear here, and the plaintiff concedes that if Mrs. Gambrill's promise was a conditional promise to pay, judgment could not be recovered on an affidavit of demand. *Reed v. Glens Falls Ins. Co.,* 2 *Marv.* 370, 43 *A.* 256; *Swayne v. Remley,* 1 *Penn.* 1, 39 *A.* 453; *Hibbert v. Guardian Savings & Loan Asso.,* 3 *Penn.* 591, 53 *A.* 54. Being a conditional promise, and that fact appearing

on the face of the record, the judgment must, therefore, be vacated on that ground.

But that is not the only ground on which this judgment must be vacated. Independent of any question of estoppel, which under the facts we are not required to consider (see *Cutwright's Executor v. Preachers' Aid Society,* 271 *Ill. App.* 168; *Cottage Street Church v. Kendall,* 121 *Mass.* 528, 23 *Am. Rep.* 286; *Dalhousie College v. Boutilier,* [1934] *Can. S. C. R.* 642, 95 *A. L. R.* 1298, and note; *Norton v. Janvier,* 5 *Harr.* 346; *Bernard Peyton, Trustee, v. William C. Peyton Corporation et al., Bernard Peyton v. William C. Peyton Corporation et al., (Del. Ch.)* 194 *A.* 106; 1 *Willist. on Cont., Sect.* 116, *p.* 404; *Restat. of the Law of Contr., Sects.* 45, 90), as in all contracts a consideration is necessary to make a promise to pay money to an educational institution binding on the promissor (*Pass v. First National Bank,* 25 *Ala. App.* 519, 149 *So.* 718; *Dalhousie College v. Boutilier,* [1934] *Can.* 642, 95 *A. L. R.* 1298, and note; 1 *Willist. on Contracts (Rev. Ed),* Sect. 116) ; and whether there was a consideration for Mrs. Gambrill's promise is perhaps the most important question in this case.

The American University, the plaintiff in the judgment, contends that Mrs. Gambrill, and after her death her executor, was bound to pay the $5,000 promised because the instrument sued on was given "In Consideration of the mutual promises of other subscribers to The American University Fund for Endowment, Buildings, Betterments, Equipment, Liquidation, and Expenses".

There, undoubtedly, are cases which hold that the mutual promises of the various subscribers to the same fund are a good and sufficient consideration to support a promise to pay. *University of Southern California v. Bryson,* 103 *Cal. App.* 39, 283 *P.* 949; *Cotner College v. Hyland,* 133 *Kan.*

322, 299 *P.* 607; 38 *A. L. R.* 868; 95 *A. L. R.* 1305; for other cases see *Williston on Contracts* (*Rev. Ed.*), *Sect.* 116, *p.* 406.

As Professor Williston says, however, "The difficulty with this view is its lack of conformity to the facts.

"It is doubtless possible for two or more persons to make mutual promises that each will give a specified amount to a charity or other object, but in the case of ordinary charitable subscriptions, the promise of each subscriber is made directly to the charity, or its trustees, and it is frequently made without any reference to the subscription of others. If induced at all by previous or expected subscriptions, this inducement only affects the motive of the subscriber; it cannot be said that the previous subscriptions were given in exchange for the later one. Indeed the earlier subscriptions would be open to the objection of being past consideration so far as a later subscription was concerned". 1 *Willist. on Contracts* (*Rev. Ed.*), *Sect.* 116, *p.* 406.

In the same section, Professor Williston summing up what he had previously said, also, adds: "On no reasonable interpretation of the facts can it be said that a subscriber in an ordinary charitable subscription makes his promise in exchange for the promises inducing other subscribers to subscribe". *Willist. on Contracts* (*Rev. Ed.*), *Sect.* 116, *p.* 407; see, also, *Presbyterian Church v. Cooper,* 112 *N. Y.* 517, 20 *N. E.* 352, 3 *L. R. A.* 468, 8 *Am. St. Rep.* 767; *Cottage Street Church v. Kendall,* 121 *Mass.* 528, 23 *Am. Rep.* 286; *Cutwright's Ex'r v. Preachers Aid Society,* 271 *Ill. App.* 168; *Twenty-third St. Church v. Cornell,* 117 *N. Y.* 601, 23 *N. E.* 177, 6 *L. R. A.* 807; *Dalhousie College v. Boutilier,* [1934] *S. C. R.* 642, *Cana.,* 95 *A. L. R.* 1298; 15 *Harv. L. Rev.* 784. For other cases, see *Willist. on Contr.* (*Rev. Ed*), *Sect.* 116, *p.* 408.

This statement of Professor Williston is fairly applicable to this case, as notwithstanding the prior language

used in the instrument sued on, not only the promise, but the alleged agreement of Mrs. Gambrill was made to and with The American University, and not to and with any other subscribers to its "Fund for Endowment, Buildings, Betterments, Equipment, Liquidation, and Expenses".

It is not seriously contended that The American University bound itself by any promise to do anything, or that there was any consideration, whatever, supporting a contract between it and Mrs. Gambrill. See 1 *Willist. on Contr. (Rev. Ed.)*, *Sect.* 113. In fact, as we have already pointed out, a memorandum written in ink on the face of the instrument, executed by her, states that the money which she promised to pay The American University was (to be) "Given for a Scholarship". That would seem to be strong evidence of the real intent of Mrs. Gambrill. See 1 *Willist. on Contr. (Rev. Ed.)*, *Sect.* 116.

But whether, or not, that phrase, when read in connection with the other provisions of the instrument can be said to indicate that the sum promised was intended to be a mere gift, and nothing more, the instrument shows on its face that it was without consideration. Even if the phrase "Given for a Scholarship" be regarded as a condition of the intended gift, there is still nothing on the face of the instrument to indicate that any promise, whatever, with reference thereto, that could possibly satisfy the essential elements of the consideration, was made by The American University, or by any other person, so that neither *Central Maine General Hospital v. Carter*, 125 *Me.* 191, 132 *A.* 417, 44 *A. L. R.* 1333, nor *New Jersey Orthopaedic Hospital, etc., v. Wright*, 95 *N. J. L.* 462, 113 *A.* 144 are in point. See 1 *Willist. on Contr. (Rev. Ed.)*, *Sect.* 116.

As Mr. Justice Holmes aptly said in *Martin v. Meles*, 179 *Mass.* 114, 60 *N. E.* 397, 398: "Of course the mere fact that a promisee relies upon a promise made with-

out other consideration does not impart validity to what before was void".

It is true that the instrument in question, also, purported to be "In Consideration of one dollar in hand paid, receipt of which is hereby acknowledged".

 As a general rule, a court of law will not inquire into the adequacy or inadequacy of the consideration involved in a transaction. 1 *Willist. on Contr. (Rev. Ed.)*, *Sect.* 115. But that rule does not usually apply when the consideration paid is of the same nature as the thing promised, and is equal or smaller in amount. This is generally true where there is an exchange of money for a promise to pay money. A consideration of one dollar, therefore, will not usually support a promise to pay a larger sum of money. 1 *Willist. on Contr. (Rev. Ed.)*, *Sect.* 115, *p.* 393; *Restat. Contr., Sect.* 76c; *Shepard v. Rhodes,* 7 *R. I.* 470, 84 *Am. Dec.* 573; *Rease v. Kittle,* 56 *W. Va.* 269, 49 *S. E.* 150; see, also, *In re Greene,* (*D. C.*) 45 *F.* 2d 428. The reason for this exception is that in such cases, it is impossible for the law to indulge in the presumption of equivalence between the consideration and the promise. 1 *Willist. on Contr. (Rev. Ed.), Sect.* 115.

 This case is within the reason of that rule, and the one dollar, payment receipted for, will not support Mrs. Gambrill's promise to pay $5,000. Nor does the fact that the promise was apparently made in Wilmington, Delaware, and payment was to be made in Washington, D. C., affect this conclusion. See *Rease v. Kittle,* 56 *W. Va.* 269, 49 *S. E.* 150; and other cases, *supra.*

 Where the place of payment is an essential element of a contract, which changes prior rights in that respect, the payment of a smaller sum may support a promise to pay a larger sum. 1 *Willist. on Contr. (Rev. Ed.), Sect.* 121.

The text books, cited by the plaintiff's attorney (1 *Willist. on Contr. (Rev. Ed.)*, *Sect.* 115, and *note* 20, and *Restat. Laws of Contr., Sect.* 76(c) refer to cases of that character. This is apparent on reference to 1 *Willist. on Contr. (Rev. Ed.), Sect.* 121. But, as we have already pointed out, this case involves very different facts.

■ This is a direct proceeding to vacate a judgment procured on an affidavit of demand, without trial on the merits and for defects apparent on the face of the record. Obviously, the quotation from 1 *Freeman on Judgments, Sect.* 24, to the effect that lack of consideration is an affirmative defense that cannot be raised after judgment, therefore, does not apply.

For the reasons above given, the judgment in question must be, and hereby is vacated.