Lewis ENSMINGER and Grace
Ensminger, his wife, Plaintiffs
Below–Appellants,

v.

MERRITT MARINE CONSTRUCTION,
INC., a Corporation of the State of De-
laware, Defendant Below–Appellee.

Superior Court of Delaware,
Sussex County.

Submitted: Sept. 9, 1988.
Decided: Dec. 22, 1988.

Richard E. Berl, Jr., Griffin & Hackett,
Georgetown, for plaintiffs below-appel-
lants.

Peter B. Jones, Hudson, Jones, Jaywork,
Williams & Liguori, Georgetown, for defen-
dant below-appellee.

## MEMORANDUM OPINION

LEE, Judge.

This is an appeal of a decision from the
Court of Common Pleas wherein that Court
dismissed plaintiffs' action on the ground
they failed to timely file their complaint
alleging defendant installed bulkheading on
plaintiffs' property in an unworkmanlike
manner, breached a promise to repair de-
fective construction, and repaired the bulk-
heading in an unworkmanlike manner.

The only pleadings filed with the Court
of Common Pleas were plaintiffs' complaint
and amended complaint. The facts set
forth below are gleaned from these doc-
uments. Plaintiffs, owners of waterfront
property in Delaware, contracted on Febru-
ary 11, 1980 with defendant to install a
bulkhead at their property. Defendant in-
stalled the bulkhead in October, 1980. Be-
ginning in the summer of 1983, plaintiffs
noticed that the bulkhead was bulging.
They contacted defendant and defendant,
through its agent, Mr. Merritt, examined

the bulkhead, admitted it was defective, and promised to fix it. Thereafter, from the summer of 1983 through April, 1985, plaintiffs repeatedly contacted defendant concerning repairs and defendant continued to agree the bulkhead was defective and promised to repair it. During May, 1985, defendant delivered materials to plaintiffs' property and attempted to repair the bulkhead. These repairs were improperly performed and never properly completed.

On April 23, 1987, plaintiffs filed a complaint with the Court of Common Pleas initiating the present action. This complaint, later amended, alleges causes of action for breach of contract, breach of promise to repair, and negligent repair. Defendant moved to dismiss the complaint on the ground that plaintiffs failed to timely file it. The parties submitted to the Court of Common Pleas briefs on this motion, and on November 4, 1987, the Court of Common Pleas rendered its decision granting defendant's motion to dismiss. Thereafter, plaintiffs appealed this decision to this Court.

On an appeal from the Court of Common Pleas, the Superior Court will not disturb findings of fact if such findings are supported by the record and are the product of an orderly and logical deductive process. *State v. Cagle*, Del.Supr., 332 A.2d 140 (1974). This Court may review *de novo* the questions of law involved in the case. *See Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del.Supr., 445 A.2d 927 (1982) (where the Supreme Court reversed a decision of the Chancery Court based on legal grounds).

A review of the Court of Common Pleas' opinion evidences the Court correctly applied the pertinent law to the facts. The applicable statute of limitations was 10 *Del.C.* § 8106 which provides in part:

"... [N]o action based on a promise ... and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action...."

■■■■ The Court of Common Pleas recognized that plaintiffs had made allegations of breach of promise to repair and negligent repair. However, the Court correctly refused to recognize these allegations as separate causes of action. Where a party alleges a mere promise to repair without setting forth the underlying consideration, that party fails to state a separate cause of action based on breach of that promise to repair. *See American University v. Todd*, 39 Del. 449, 1 A.2d 595, 597, 599 (Super.1938) (where the Court notes that a party who merely promises to do something without consideration does not have to perform the promise and reliance by the promisee does not make the void promise valid). Allegations of attempted repairs which were unsuccessful and do not result in a new injury but merely leave the original injury uncorrected do not state a cause of action based on negligence. *See Di Biase v. A & D, Inc.*, Del.Super., 351 A.2d 865 (1976) (where the complaint alleged negligent repair, the Court disregarded the allegation and refused to allow the statute of limitations to run from the time of the negligent repair).

■■■■ The Court further correctly determined that the plaintiff had not pled facts sufficient to constitute estoppel. The plaintiffs merely alleged the defendant promised to repair the bulkhead. In their briefs, plaintiffs assert defendant's promise to repair induced them to forebear filing suit. A party must allege facts with sufficient specificity to indicate a defendant affirmatively acted to mislead and induce that party from bringing suit in order to allege the existence of an estoppel. *Di Biase v. A & D, Inc., supra; Ontario Hydro v. Zallea Systems, Inc.*, 569 F.Supp. 1261, 1272 (1983). Statements in a brief that the defendant's promise to repair induced plaintiffs to forebear filing suit are not sufficient. *Ontario Hydro v. Zallea Systems, Inc., supra.* Thus, as the Court of Common Pleas found, plaintiffs' did not allege sufficient facts to support a theory of estoppel, which means the applicable statute of limitations could not be tolled.

The Court of Common Pleas found, based on allegations in the complaint, that the breach of contract occurred on October 8, 1980, when the contract was performed and the bulkhead was defectively built. An action for breach of contract accrues at the time of the breach. *Nardo v. Guido DeAscanis & Sons, Inc.*, Del.Super., 254 A.2d 254 (1969). The three year statute of limitations on the contract action ran in October, 1983. The negligence action accrued in the summer of 1983 upon discovery of the defect. *Id.* The statute of limitations on the negligence action ran in the summer of 1986. Thus, as the Court of Common Pleas found, plaintiffs' claims are time barred.

For the foregoing reasons, the decision of the Court of Common Pleas is affirmed.

IT IS SO ORDERED.