## Wolfensberger *et al.* *versus* Young.

*Statute of Limitations, what acknowledgment of indebtedness will remove bar of.*

1. In order to take a case out of the Statute of Limitations the acknowledgment of the debt must be clear and unequivocal, and so distinct and palpable in its extent and form as to preclude doubt or hesitation: a naked admission of indebtedness without indicating the nature or amount of the debt, or a promise to pay something without reference to the sum to be paid, is insufficient.

2. Therefore, where a partner, after the failure and dissolution of his firm, wrote to a partnership-creditor asking if he would release *him* for *his* note with security for a sum named, but without expressly acknowledging the debt, or a specific sum due, or promising to pay it or anything absolutely, the letter was held not such evidence as, in an action against the firm, would take the case out of the statute: and the instruction of the court to that effect was error.

ERROR to the Common Pleas of *Somerset county.*

This was an action of *assumpsit,* brought April 11th 1862, by Armor Young against Levi Wolfensberger and —— Huntsberger, late partners doing business as Wolfensberger & Huntsberger, to recover a book account for goods sold to the firm October 15th 1851.

To avoid the Statute of Limitations, the plaintiff gave in evidence the following letter :—

"Union Deposit, March 2d 1857.

"Mr. A. YOUNG.

"Dear Sir—I thought of writing to you in regard to the balance of the firm of Wolfensberger & Huntsberger, of Harrisburg.   You still said you would not release us until we pay you the $100.   Would you release me if I would give you a note of $50 for my part, payable in six months, with my brother Philip on for security?   I could get along this way.   I have no chance to get up.   I have a man that would help me up a little, providing I can arrange matters to go in my own name.   I do not know whether my brother will even go my security, but I think he will.   I have no doubt Huntsberger will do his part also, if he has time, but at present he says he can't.   If you wish to know anything of my brother Philip, inquire by Peter Lefever. I do hope you will give me a chance to get up again.

"Direct, Union Deposit, Dauphin county, Pennsylvania.

"LEVI WOLFENSBERGER."

And thereupon requested the court to instruct the jury that it was sufficient for this purpose; which was done; and this was the error assigned here, after a verdict and judgment for plaintiff.

[Wolfensberger v. Young.]

*W. J. & H. L. Baer*, for plaintiffs in error.

*Hugus & Kimmell*, for defendant.

The opinion of the court was delivered, May 26th 1864, by

AGNEW, J.—The letter of Levi Wolfensberger, one of the defendants below, relied upon to take this case out of the operation of the Statute of Limitations, contains no express acknowledgment of any debt, refers to none specifically, ascertains no sum or amount to be paid, and promises nothing absolutely. At most it is but a proposition to secure payment of a certain sum individually, which, instead of operating to establish the entire joint debt, distinctly proposes it only as a part, severs it from an uncertain remainder, and destroys the joint relation of the defendants. The plaintiff sues for a book account of $179.36, but the letter refers only to some balance of the firm of Wolfensberger & Huntsberger, without indicating what or how much it is. It refers to the fact that the plaintiff had said at some time he would not release the defendants unless they would pay him $100, and then offers to secure part of this sum individually. This proposition was not accepted, so that any acknowledgment to be implied is wholly inferential, and must, to be effective, refer to some specific debt and amount.

But how does anything contained in this letter display an intention to pay a debt of $179.36 standing upon the books of the plaintiff: or in what manner does it ascertain that this is the debt referred to by the term "balance"? Balance of what? The letter does not say. It is a most violent conclusion to draw from this individual proposition to pay $50 of some unexplained balance, an intention of the partnership to pay a book account of $179.36.

In order to take a case out of the operation of the statute, the acknowledgment of the debt must be clear, distinct, and unequivocal: Farley v. Kustenbader, 3 Barr 418; Burr v. Burr, 2 Casey 284. It must be so distinct and palpable in its extent and form as to preclude hesitation: Harbold's Executor v. Kuntz, 4 Harris 210; Suter v. Sheeler, 10 Id. 308. A naked admission of indebtedness, without anything indicating the amount or nature of the debt, or a promise to pay something without a reference to the sum to be paid, is insufficient: Shitler v. Bremer, 11 Harris 413; Huff v. Richardson, 7 Id. 388. To the foregoing authorities I may add Emerson v. Miller, 3 Casey 278; Clark v. McGuire, 11 Id. 259; Shaffer v. Shaffer, 5 Wright 51.

The case of Shitler v. Bremer, 11 Harris 413, is a stronger case than this, but resembles it most nearly. There a letter was written within six years after the cause of action arose, and within six years before suit brought, promising to pay some in

two months, and all before long, with interest from 1st April 1846. There, as here, the letter was silent as to the sum due and the nature of the debt; and it was held to be insufficient, notwithstanding the express promise to pay some, and all before long.

Judgment reversed, and a *venire facias de novo* awarded.