## Thomas *v.* Sweeney, Executrix, Appellant.

*Statute of limitations—Promise to pay debt—Case for jury.*

A clear, distinct and unequivocal acknowledgment of a debt as an existing obligation, such as is consistent with the promise to pay, is sufficient to toll the statute of limitations. There must, however, be no uncertainty either in the acknowledgment or in the identification of the debt, and the acknowledgment must be plainly referable to the very debt upon which the action is based, and must be consistent with the terms to pay on demand, and not accompanied by other expressions indicating a mere willingness to pay at a future time. The time of payment need not be immediate, but the intention to pay must be present.

322, (1921).]           Syllabus—Arguments.

In an action of assumpsit to collect money loaned, the defense was advanced that the claim was barred by the statute of limitations. Testimony was produced by the plaintiff that the defendant said she did not deny the debt and would pay it. Under such circumstances, the case was for the jury to determine whether there was such acknowledgment of the debt as would toll the statute.

Argued October 8, 1920. Appeal, No. 163, Oct. T., 1920, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1918, No. 3834, on verdict for plaintiff in the case of Charles W. Thomas v. Miriam Townsend Sweeney, executrix of the estate of Fanny D. Sweeney, late trading as Decorative Glass Company, F. D. Sweeney, proprietor. Before Orlady, P. J., Porter, Henderson, Trexler, Keller and Linn, JJ. Affirmed.

Assumpsit for money loaned. Before Audenried, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,309.66 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Frank A. Chalmers,* for appellant.—The claim was barred by the statute of limitations: Miller v. Baschore, 83 Pa. 356; Patterson v. Neuer, 165 Pa. 66; Ward v. Jack, Exr., 172 Pa. 416; Marshall v. Brick, 16 Pa. Superior Ct. 530; Hazlett v. Stillwagen, 23 Pa. Superior Ct. 114; Edsall v. Reynard, 39 Pa Superior Ct. 143; Lawson v. McCartney, 104 Pa. 356; Hartranft's Est., 153 Pa. 530.

*John S. Oberly,* for appellee.—There was a clear, distinct and unequivocal acknowledgment of the debt and the statute of limitations does not apply: Palmer v. Gillespie, 95 Pa. 340; McIntosh v. Condron, 20 Pa. Superior Ct. 118; Wells v. Wilson, 140 Pa. 645; Bolton v.

King, 105 Pa. 81; Landis v. Roth, 109 Pa. 621; Shaeffer v. Hoffman et al., 113 Pa. 1; Yost v. Grim, 116 Pa. 534; Miller v. Miller, 137 Pa. 47; Souder's Est., 169 Pa. 248; Henry v. Zurflieh, 203 Pa. 452 and 453; Maniatakis' Est., 258 Pa. 15.

OPINION BY TREXLER, J., March 5, 1921:

Was the debt in question sufficiently acknowledged by the defendant, so as to toll the statute of limitations?

A clear, distinct and unequivocal acknowledgment of a debt as an existing obligation such as is consistent with the promise to pay is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgment or in the identification of the debt, and the acknowledgment must be plainly referable to the very debt upon which the action is based, and must be consistent with the terms to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. The time of payment need not be immediate but the intention to pay must be present: Maniatakis' Est., 258 Pa. 11.

Accepting as we must the plaintiff's version of the interview between the parties, it appears that the amount of the debt was definitely fixed with the interest calculated thereon to December 31, 1915. The memorandum was in writing and was shown to the defendant. There is therefore no difficulty as to the identification of the debt. It is, however, contended that the promise to pay is not sufficiently definite. We may concede that some of the answers did not come up to the standard as above set out, but the conversation may have had different phases, and although there are some statements which taken alone would indicate that the defendant merely expressed a willingness to pay, we have the testimony of the plaintiff that the defendant said she would pay the debt. Upon cross-examination the plaintiff testified in answer to the question put by the court, "And she did say she would pay you." Answer. "Yes, sir, she did

not deny the debt, she said she would pay it." The defendant contends that this is a mere conclusion, but we do not think so. It is an allegation of what the defendant said. The defendant had the opportunity of further examining the witness, but these answers were apparently accepted as the plaintiff's version of what occurred, and no objection was made to the admission of this testimony. It must be remembered that the amount of the debt was precisely ascertained, and that the promise of the defendant to pay was clearly referable to the debt for which suit was brought. The trial judge very clearly submitted to the jury the ascertainment of what passed at this interview, and whether there was such an acknowledgment as to toll the suit.

As to the errors alleged in the charge of the court we find no error in respect to anything to which an exception was taken, and they do not require notice.

The judgment is affirmed.

