## McCollum *v.* McCollum, Appellant.

*Notes—Statute of Limitations—Confirmation of debt—Running of statute.*

In an action of assumpsit on certain written obligations, it appeared that the defendant had requested the payee to endorse a note for him, and, on being requested to arrange for the former claims—the basis of the action—said that he would do so if the endorsement were made. These prior obligations were barred by the statute of limitations. They were produced at the time of the interview and the defendant, according to the plaintiff's testimony, said "he would make it all right and send it to me." The plaintiff,

accordingly, signed the note as requested, and subsequently brought suit on the two obligations, which the defendant had agreed to take care of.

Under such circumstances, there was sufficient evidence, if believed, to take the claim from the running of the statute of limitations and a verdict for the plaintiff will be sustained.

In order to take a debt out of the operation of the statute of limitations, the debt must be identified, the amount must be specified, or reference must be made to something by which the amount can be definitely and certainly ascertained.

Where a mere acknowledgement of the debt is relied upon, this must be clear, distinct and unequivocal, and must be consistent with, and in such form as to imply a promise to pay on demand.

Argued April 20, 1925.  Appeal No. 210, April T., 1925, by defendant from judgment of C. P. Washington County, February T., 1924, No. 100, in the case of H. T. McCollum v. J. M. McCollum.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit on certain written obligations.  Before BROWNSON, P. J.

The facts are stated in the following opinion of the Court below:

The disputes of fact upon which the jury have passed all turned upon the credibility of testimony, and we feel that we would not be justified in setting the verdict aside upon the ground that the Court, if in the place of the jury, might have taken a different view upon this subject.

The important question that is raised upon this motion is whether, as a matter of law, the testimony offered by the plaintiff regarding two of the claims embraced in the suit was sufficient to warrant the submission of those claims to the jury in the face of the defendant's plea of the statute of limitations.  These claims were (a) a note, not under seal, for the sum of $480, and (b) a claim for $368.75 which, as was evi-

denced by a receipt signed by the defendant, had been placed in his hands by the plaintiff to be used in purchasing certain shares of stock for the latter, it being alleged that it never was used for that purpose (plaintiff having later decided not to buy), and was never returned to the plaintiff but was retained by the defendant.

The plaintiff and defendant are brothers. The former lived on a farm in Amwell township and the latter lived in Washington. Plaintiff testified that in May, 1918, the defendant came out to the farm and asked the plaintiff to sign, as defendant's surety, a note for $1,000 upon which the latter desired to raise money in a bank; that plaintiff replied that he first wanted these claims straightened up, and that defendant promised to do this if plaintiff would go on the note, and asked about the dates of plaintiff's claims, whereupon plaintiff got the note and receipt and handed them to defendant, who examined them, made a memorandum of the dates, and said "he would make it all right and send it to me;" and plaintiff thereupon signed the note he had been asked to sign, on which the defendant afterwards procured a loan from the bank. At the date of that conversation the claims for $480 and $368.75 were on their face, and had been for some years, barred by limitation. This suit was brought in December, 1923, less than six years later.

It is contended, on behalf of the defendant, that the testimony of the plaintiff was insufficient for submission to the jury, upon the question of the tolling of the bar of the statute of limitations.

With respect to acknowledgments or promises relied on as taking a debt out of the operation of the statute, the following rules have been laid down by the authorities:

1. The debt must be identified; the amount of it must be specified or a reference must be made to some-

thing by which the amount can be definitely and certainly ascertained: Patterson v. Neuer, 165 Pa. 66; Montgomery v. Cunningham, 104 Pa. 349; Miller v. Baschore, 83 Pa. 356; Markee v. Reyburn, 258 Pa. 277.

2.   When a mere acknowledgment of the debt is relied upon, this must be clear, distinct and unequivocal, and must be consistent with, and in such form as to imply "a promise to pay on demand:" Lawson v. McCartney, 104 Pa. 356, 359; it must not be accompanied by qualifying expressions such as render it ambiguous or prevent such an implication from arising: Kensington Bank v. Patton, 14 Pa. 479, 482; Hazlett v. Stillwagon, 23 Pa. Superior Ct. 114.

3.   When an express promise is relied upon, this must be in such form as to amount to a clear and distinct undertaking to pay the claim; a promise merely to "settle", to "fix", to "arrange", to "straighten up", or to "make it all right", is insufficient because equivocal, these expressions not being the equivalent of "pay", but amounting at most, upon their face, to no more than an undertaking which may impliedly include the payment of what amount, if any, would be ascertained, upon the making of a settlement, to be owing: Gleim v. Rise, 6 Watts, 44; McClelland's Ex'r v. West, 59 Pa. 487; Emerson v. Miller, 27 Pa. 278; Kensington Bank v. Patton, 14 Pa. 479; Harbold's Ex'rs v. Kuntz, 16 Pa. 210, 213; Shaeffer v. Hoffman, 113 Pa. 1; Shaffer's Estate, 228 Pa. 36; nor does a mere statement of willingness or intention to pay amount to such an undertaking: Lawson v. McCartney, 104 Pa. 356, 359; Morgan v. Walton, 4 Pa. 321; Lowrey v. Robinson, 141 Pa. 189, 195. Again, a promise to pay if and when the debtor should obtain certain money which he expects to realize by a prospective sale of an invention, is (at least in the absence of proof that such money was so realized) not sufficient: Drawbaugh v. Drawbaugh, 7 Pa. Superior Ct. 349, 350.

The defendant contends that the evidence in this case did not meet the requirements of these rules.

In our opinion the first rule was complied with. While the amounts owing upon the two claims in question were not mentioned in the spoken conversation, the papers which evidenced the existence of the claims, and from the face of which the amounts owing on each were definitely and certainly ascertainable, were presented by the creditor to the debtor, who took a memorandum of them, and when the debtor made the promise which has been found by the jury, he had these papers before him.

Did this promise amount to an engagement to pay these debts? We agree that if what the defendant said had stopped with a promise to "straighten these claims up" and to "make it all right", this would not under the authorities be sufficient. But to this was superadded the promise: "I will send it to you." Send what? Manifestly the money an indebtedness for which was evidenced by the papers that were then before the two men and were the subject of the conversation; the money which plaintiff had just made claim for as owing to him, and the amount of which these papers showed: Yaw v. Kerr, 47 Pa. 333, 334. Why the particular expression, "I will send it to you," would naturally be employed, is explainable by the circumstances under which the conversation occurred. The defendant was in business in Pittsburgh and lived in Washington, the conversation occurred at the plaintiff's residence, on a farm out in the country, and the defendant at that time was away from both his home and his place of business.

The defendant argues that such a promise to remit the money is not sufficient, because a promise of payment must be explicitly a promise to "pay on demand", citing a dictum of Mr. Justice Rogers in Kensington Bank v. Patton, 14 Pa. 479, at page 483, which says:

"What I take to be the true principle is, that it must be a promise to pay on demand." In this dictum Justice Rogers was careful to state that he spoke for himself alone. We question very much, however, whether he meant to say that the words "on demand" must always be expressly included in the promise; and while the cases generally say that a mere acknowledgment must be in such form as to imply a promise to pay on demand, we have not discovered any case in which it is actually decided that an omission to include in an express promise to pay the phrase "on demand," will invalidate the promise. These are cases to the contrary; for example, a promise, made in February, to pay about the first of April, was held sufficient in Yaw v. Kerr, 7 Pa. 333, in accord with which is Henry v. Zurflich, 203 Pa. 440, 453; and the words "I will pay the balance, $533.07," were held sufficient in Peters' Estate, 20 Pa. Superior Ct. 223, because they were a positive promise to pay a specific indebtedness.

But, as plaintiff's counsel pointed out at the argument, all the authorities cited for defendant were cases of either mere acknowledgment or mere voluntary promises, whereas here the evidence is that the promise was made for a valuable consideration, which distinguishes from them the present case. The evidence is to the effect that the defendant, in consideration of the plaintiff's complying with a request that the latter become the former's surety upon a note to be given to a bank, promised to remit to the plaintiff the money the payment of which he was asking for, and that plaintiff thereupon actually furnished such consideration to the defendant by going on the note in the capacity of surety as requested, which note the defendant made use of.

There is a distinction between a mere acknowledgment, and an explicit promise, with respect to passing upon their technical sufficiency: as was said in Sense-

man v. Hershman, 82 Pa. 83, 85, and repeated in Maniataskis' Estate, 258 Pa. 11, 15, "An acknowledgment is less in force than a promise, and hence the necessity of scrutinizing closely the extent of meaning the language of the acknowledgment has." So, we think, there is a distinction between a mere voluntary promise and one that is made for a valuable consideration actually given. As was said in Senseman v. Hershman, supra, at page 86, in the case of an undertaking entered into for a sufficient consideration, "the consideration moving to the promisee [promisor] would assist to interpret his promise."- It would be a circumstance very strongly indicative of the real nature of the transaction. The absence of any consideration for what was claimed to be an agreement to waive the limitation was referred to in Marseilles v. Kenton, 17 Pa. 238, at page 245, as a material feature of the case. When it is sought to take a claim out of the statute by proving an acknowledgment or a voluntary promise, there is a necessity, for the purpose of conserving the policy of the statute, to apply very strict and technical rules to the evidence, with a view to preventing the entrapping of an unwary debtor into unintentionally waiving the protection which the Limitations Act was intended to throw around him. But when a debtor deliberately promises to make a remittance in payment of an outlawed claim for a valuable consideration which is given to him for and on the faith of such promise, the case is essentially different, and assimilates itself to any other engagement entered into for a valuable consideration. We are not persuaded that the trial judge erred in submitting to the jury the questions, (a) whether the conversation testified to by the plaintiff actually occurred, and, if so, (b) whether the defendant therein, in consideration of the plaintiff's becoming his surety, distinctly promised to send plaintiff the amounts of money which the papers produced

showed were or had been coming to the latter, and (c) whether the plaintiff then furnished the consideration for that promise by actually becoming defendant's surety; which submission was preceded by instructions that such promise "must be plain, unambiguous, express, and so distinct as to preclude hesitancy as to what it is that the party is promising to do."

It is further complained that the Court in its charge stated that the plaintiff had testified that the conversation (above considered) had occurred "sometime in May, 1918," whereas the evidence was to the effect that it was on May 15. The plaintiff at first testified that the time was about the month of May, but was unable to give the day; later, with a view of fixing the time, he produced a notice from the bank, which gave the date of the note which plaintiff signed as defendant's surety, as being May 15, and defendant produced in his case his diary containing an entry that he was at home in Washington all day on the 15th. It was argued to the jury for the plaintiff, that, as this note was drawn so as to be interest-bearing from date, its date would naturally, and most probably, not be filled in until the defendant negotiated it at the bank, and therefore the conversation might in fact have been before May 15. However, the language of the charge was, not exactly as stated in the motion, but that plaintiff had said the conversation occurred "at his (plaintiff's) house in May, 1918," which was not an inaccurate statement. If defendant thought it necessary that the Court should go further and refer to the testimony concerning the exact day, the time for him to complain of an oversight in this respect was when at the conclusion of the charge the Court inquired of counsel if they had "anything to call attention to", whereupon defendant's counsel replied: "I think not." When the Court has given counsel an opportunity to call attention to any omissions in the charge, and counsel in

reply have indicated that none exist, they cannot afterwards be heard to complain of a lack of fuller instructions: McMeekin v. Railways Co., 229 Pa. 573.

And now, February 16, 1925, the motion of defendant for a new trial is dismissed.

Verdict for plaintiff in the sum of $2,156.25 and judgment thereon.  Defendant appealed.

*Errors assigned* were the charge of the court and refusal to affirm the defendant's points that there could be no recovery because the claims were barred by the statute of limitations.

*Norman E. Clark,* and with him *Grant E. Hess,* for appellant.—In order to toll the statute and recover on the claim it was necessary for the plaintiff to show by positive and definite evidence an acknowledgment of the debt, consistent with a promise to pay on demand: Keener v. Zartman, 144 Pa. 179; Shaffer's Estate, 228 Pa. 36; Gleim v. Rise, 6 Watts 44; Shaeffer v. Hoffman, 113 Pa. 1; Weaver v. Weaver, 54 Pa. 152; Emerson v. Miller, et al., 3 Casey 278; Miller v. Baschore, 83 Pa. 356; Lowrey v. Robinson, 141 Pa. 189; Drawbaugh v. Drawbaugh, 7 Pa. Superior Court 349; Lawson v. McCartney, 104 Pa. 356; Hazlett v. Stillwagon, 23 Pa. Superior Court 114.

*R. W. Knox,* for appellee.—There was sufficient evidence to toll the running of the statute:  Markee v. Reyburn, 258 Pa. 277; Patterson v. Neuer, 165 Pa. 66; Montgomery v. Cunningham, 104 Pa. 349; Yaw v. Kerr, 47 Pa. 333; Henry v. Zurflieh, 203 Pa. 440; Peters' Estate, 20 Pa. Superior Court 223; Senseman v. Hershman, 82 Pa. 83; Maniatakis' Estate, 259 Pa. 11.

OPINION BY HENDERSON, J., July 9, 1925:

It is unnecessary to enter into an extended discus-

sion of the law applicable to this case. That has been fully and carefully done by the learned trial judge in the opinion on the motion for a new trial. It is not a sufficient answer to the plaintiff's claim that it was sustained by his testimony alone. He was a competent witness and his evidence having been credited by the jury forms a sufficient support to the verdict. If, as he testified, the conversation between him and the appellant took place with reference to the note and check and receipt which were the subject of controversy, so far as this appeal is concerned, there was a specific identification of the indebtedness. The written obligations of the defendant were produced and commented on and the acknowledgment of the indebtedness was made when the obligations were within the view of both of the parties. On that state of facts we regard the promise as sufficient to remove the bar of the statute.

There is the further feature of the case however that the plaintiff declared not only on the acknowledgment of the indebtedness, but also on a specific promise to pay, made on the occasion; the consideration being the endorsement by the defendant of the plaintiff's note given to the bank to secure a loan. It is admitted that this note was signed as bail and the defendant obtained the money at the bank. A promise has greater force than an acknowledgment. It creates a new agreement and if the plaintiff's account of the transaction is true, there was a new obligation to pay which was sufficient to toll the statute. Whether it was given on the promise set forth in the statement and testified to by the plaintiff, the jury alone could determine. The evidence is fully reviewed by the trial judge and we regard his discussion as a satisfactory disposal of the case.

The judgment is affirmed.