## Fix's Estate.

Argued March 18, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*McClean Stock,* for appellant.

*William H. Kain,* with him *George Hay Kain, Jr.* and *George Hay Kain,* for appellee.

OPINION BY RHODES, J., April 22, 1940:

This is an appeal by Kathryn R. Fix, widow of A. F. Fix, deceased, from the dismissal of exceptions filed to the adjudication and decree of distribution of the orphans' court allowing a claim of the York Hospital in the sum of $500. Decedent died testate on July 18, 1937, and appellant was appointed administratrix c. t. a. After the payment of debts of decedent, including the claim of the York Hospital and other allowable deductions, there was left a balance of the personal estate for distribution in the amount of $10,135.42, all of which was awarded by the orphans' court to appellant, the sole legatee named in the last will and testament of decedent.

On April 16, 1928, decedent made a subscription to the York Hospital in the sum of $1,000, and on May 28, 1928, a second subscription in the amount of $500. On these subscriptions decedent paid $500 on June 5, 1930, and $500 on September 8, 1930. On January 18, 1935, the chairman of the finance committee of the York Hospital wrote decedent the following letter: "We again call your attention to a balance of $500 open on your subscription, on which no payment has been made for some time.

"During the past few years there has been a great increase in the volume of charity work done by the Hospital and in order to continue this service and pay our obligations it is necessary to ask for the payment of your pledge at this time."

On January 18, 1935, decedent made the following

reply: "I have your letter in reference to the balance of a subscription to your institution. As you well know, business has been of such a character in the last few years that it has been impossible for anyone to even break even. I realize the necessity of your having funds; and can only state at this time that I will do the best I can at the earliest possible moment."

It is conceded that the question for determination by this court is whether decedent's letter of January 18, 1935, was sufficient to toll the statute of limitations.

A promise to pay a debt barred by the statute has greater force than an acknowledgment; it creates a new agreement. *McCollum v. McCollum,* 86 Pa. Superior Ct. 208, 217.

"A clear, distinct and unequivocal acknowledgment of a debt as an existing obligation such as is consistent with the promise to pay is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgment or in the identification of the debt, and the acknowledgment must be plainly referable to the very debt upon which the action is based, and must be consistent with the terms to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. The time of payment need not be immediate but the intention to pay must be present: *Maniatakis' Est.,* 258 Pa. 11 [101 A. 920]": *Thomas v. Sweeney, Ex'x,* 75 Pa. Superior Ct. 322, at page 324. This statement has been quoted with approval in *Cappuccio's Estate,* 120 Pa. Superior Ct. 53, 181 A. 868, and in *McKelvey v. Ligonier Township,* 128 Pa. Superior Ct. 437, 194 A. 330. In *Lowrey v. Robinson, Adm'r,* 141 Pa. 189, at page 195, 21 A. 513, at page 514, it was said: "A declaration of an intention to pay is not the equivalent of a promise to pay; it is more in the nature of the expression of a desire to pay, and from this there is no implication of a promise." In *Hazlett v. Stillwagen,* 23 Pa. Superior Ct. 114, at page 118, in an opinion by President Judge RICE, this court said:

"We do not assert that in order to warrant the implication of a promise, the admission of the debt as a subsisting obligation must be made in any set form; but, whatever the form, it must be so distinct and unambiguous in substance as to preclude doubt as to the debtor's meaning ...... A fortiori the admission of disappointed expectation of ability to make a substantial payment upon the plaintiff's 'account,' or the expression of a hope of ability in the future to reduce the plaintiff's 'claim,' does not necessarily imply an admission that the whole claim is a valid and enforceable debt."

The fact that decedent wrote the letter, upon the basis of which the claim was allowed against his estate, before the statute had run does not change the measure of proof. *Henry v. Zurflieh,* 203 Pa. 440, 454, 53 A. 243.

We need not concern ourselves as to the identification of the debt itself. We agree with the court below that decedent's letter contained no protest against his liability on his subscription. But we do not concur with his conclusion that the words which decedent used "constitute in adequately clear language an express promise to pay," and that "no promise could rise higher than for one to say, he would do the best he could at the earliest possible moment." We think that decedent's language may be more properly construed as an intention to pay the balance to the hospital. Certainly it is no promise to pay the entire debt on demand, and discloses no intention of decedent to bind himself to do so. See *Kensington Bank v. Patton,* 14 Pa. 479. Such an inference to the exclusion of others cannot be drawn from the language used. The letter taken as a whole is not a clear, distinct, and unequivocal acknowledgment of a debt as an existing obligation, consistent with a promise to pay on demand; nor is it an unqualified promise to pay. At most, it evidences a desire, an intention or a hope of ability to pay in the future. It would be unwarranted to infer from decedent's letter a present intention to pay the balance of the subscription

64

on demand or in any event. *Hazlett v. Stillwagen,* supra, p. 118. Decedent's words that he could "only state at this time that I will do the best I can at the earliest possible moment" might indicate a willingness to pay at some future time; but it cannot reasonably be said that they convey an absolute promise to pay the whole claim on demand or in any event. The expression was equivocal and indeterminate, and insufficient to toll the running of the statute.

We do not think *Laforge v. Jayne,* 9 Pa. 410, *Barwell v. Wirth,* 61 Pa. 133, and *Patton's Ex'r v. Hassinger,* 69 Pa. 311, cited and to an extent relied upon by the court below, are controlling. The solvency of decedent's estate is not material if decedent by his own words did not toll the running of the statute.

Assignments of error are sustained.

The decree of the court below is reversed, and the claim of York Hospital is disallowed; the record is remitted with direction to modify the adjudication in accordance with this opinion, and make the distribution accordingly. The costs are to be paid by appellee.