## Chichester, Appellant, *v.* Betz.

Argued October 14, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Thomas B. Hall,* for appellant.

*Isaac S. Grossman,* for appellee.

OPINION BY RHODES, J., December 9, 1942:

The question presented in this appeal is whether the statute of limitations has been tolled by acknowledgment of an alleged debt. Plaintiff brought an action in assumpsit against defendant to recover for the pur-

chase of stock. A nonsuit was entered by the trial judge. Motion to remove nonsuit was refused, and plaintiff has appealed.

Plaintiff by this action instituted on February 25, 1941, has sought to recover from defendant $890 with interest from September 25, 1933. In his statement of claim he averred that on September 25, 1933, he purchased "at the special instance and request of the defendant" and "for the account of the defendant 200 shares of Allegheny Corporation, the cost to plaintiff of said shares being the sum of $890"; and that defendant had subsequently acknowledged the indebtedness.

Defendant in her affidavit of defense denied that she was indebted to plaintiff or that plaintiff purchased this stock for her.. She also averred that plaintiff's claim was barred by the statute of limitations (Act of March 27, 1713, 1 Smith's Laws 76, §1, 12 PS §31).

With the respective versions of the original transaction we are not concerned. We find no evidence in the record that would require submission of the case to a jury. It provides no more than a bit of guesswork.

Plaintiff introduced in evidence the following written memorandum which he contends constituted an acknowledgment of the debt owing by defendant to him: "Mr. Bradshaw Beverly Chichester

"I hereby accept the figures which Butcher & Sherrerd computed as the interest charge for carrying 200 shares of Allegheny Corpn. common in my name, and agree that when this stock is sold that the additional carrying charges shall be added.

$$890—$$
$$158—$$

$$\$ 1048$$
"Anna V. Betz

"May 26, 1937"

Plaintiff, in relation to this memorandum, testified: "Q. This statement of May 26, 1937, which you identified as having been signed by Anna V. Betz— that is a memorandum, is it not, of the amount of money that was due Butcher & Sherrerd on some stock transactions? A. The amount of money due Butcher & Sherrerd guaranteed by myself, yes. That is an approximate figure— I asked for an approximate figure, not an absolute one. ...... Q. That is the statement given by Butcher & Sherrerd, isn't that true? A. Yes. Q. Of the money due them?[1] A. Yes."

This evidence certainly contains no acknowledgment of any debt as an existing obligation owing by defendant to plaintiff. It is not even "a naked admission of indebtedness" to plaintiff. See *Wolfensberger et al. v. Young,* 47 Pa. 516, 517. We therefore agree with the view taken by the court below.

It is well established that to toll the statute of limitations there must be at least a clear, distinct, and unequivocal acknowledgment of the debt as an existing obligation such as is consistent with a promise to pay. *Maniatakis' Estate,* 258 Pa. 11, 15, 101 A. 920. From such an admission the law will infer a promise to pay. *Anthracite Trust Co. v. Loughran,* 341 Pa. 142, 144, 19 A. 2d 61. This requirement is so lacking in the case before us that further comment is unnecessary. See, inter alia, *Johns v. Lantz,* 63 Pa. 324; *Landis v. Roth,* 109 Pa. 621, 1 A. 49; *Markee v. Reyburn,* 258 Pa. 277, 101 A. 993; *Fix's Estate,* 140 Pa. Superior Ct. 60, 12 A. 2d 826.

Judgment is affirmed.

---

[1] Page 16, notes of testimony, original record.