**Huntingdon Finance Corp. v. Newtown Artesian Water Company**

*Steven H. Sailer,* for plaintiff.
*Brenden E. Brett,* for defendant.

BIESTER, Jr., *J.,* November 1, 1994—This breach of contract case comes before us upon plaintiff Huntingdon Finance Corp.'s motion for post-trial relief pursuant to Pa.R.C.P. 227.1. Plaintiff asserts that this court committed error by failing to award plaintiff $20,367.19, the amount of interest that accrued on the overdue payments of principal between 1984 and December 28, 1990. Plaintiff argues that under the "acknowledgment doctrine" payment of the principal debt also revives the statute of limitations with respect to interest owed on the principal by operation of law. Based upon the facts of this case, we find to the contrary.

The facts of this case are set forth in our memorandum opinion and order of March 7, 1994.[1] Briefly, the above-captioned parties entered into an agreement whereby plaintiff deposited $203,454.61 with defendant and defendant installed water mains and other necessary facilities within the residential subdivision being developed by plaintiff. The agreement required defendant to pay a certain sum to plaintiff and provided the formula defendant used to determine the amount of the "refunds."[2] Pursuant to this formula, payments became

---

1. Neither party to this action ordered a transcript of the trial. Therefore, the facts are set forth herein to the best of our recollection.

2. The agreement provided, in pertinent part:

"FIFTH [paragraph]: Except as otherwise provided hereafter, the company shall refund to the depositor without interest during and after the fifth year from the date of connection for each bona fide customer connecting with the main extension within 10 years from the date of actual deposit a sum of money equal to two and one-half times an average yearly bill of said customer computed by averaging the three yearly bills of said customer, excluding the first yearly bill, immediately preceding the fifth year from the date of connection. In the case of industrial parks and developments or erections of five residences or less, which are not part of a larger development, the company shall refund to the depositor without interest for each bona fide customer connecting with said main extension within 10 years from the date of deposit the actual unit cost of one foot of the main extension multiplied by 35. In no event shall the total exceed the actual cost of the main extension installation, without interest, and any of the deposit not refunded in accordance with the above provisions shall remain the property of the company.

"SIXTH [paragraph]: The depositor may request refunds under paragraph FIFTH, once in each calendar quarter, furnishing the company, at such time, a listing of additional customers connected with the main(s) covered by this agreement and properly qualifying as the basis for said refund; however, failure on the part of the depositor to make such request shall not constitute a waiver of any rights hereunder or relieve the company of the obligation to make refunds with reasonable promptness."

due periodically from 1984 through 1988. However, plaintiff did not make any requests for payment, and defendant did not pay any deposit money to plaintiff until December 28, 1990. At that time defendant tendered to plaintiff a check for $77,486.82, covering all payments defendant continues to assert that it owed. Because this action is based upon a contract, the applicable statute of limitations is four years. 42 Pa.C.S. §5525(1). Therefore, defendant owed interest only for those refunds which became due subsequent to May 8, 1988.

In support of its present contention that defendant owes $20,367.19, the amount of interest that accrued on the overdue payments of principal between 1984 and December 28, 1990, plaintiff notes that under the acknowledgment doctrine "a debt which is time barred may be 'revived' by an acknowledgment by the debtor ..." Plaintiff's brief at 7 (quoting *Gee v. CBS Inc.,* 471 F. Supp. 600, 633 (E.D. Pa. 1979), *aff'd,* 612 F.2d 572 (3d Cir. 1980)). Plaintiff asserts that defendant's payment of $77,486.82 constituted an acknowledgment that defendant owed money on a specific debt. Plaintiff then concludes that "a dispute over the amount owed does not nullify the effect of the acknowledgment doctrine." Plaintiff's brief at 7. We believe plaintiff has oversimplified the law with respect to the acknowledgment doctrine.

The acknowledgment doctrine provides that "the expiration of the statutory period does not bar the claim if the plaintiff can prove an acknowledgment, a new promise, or part payment made by the defendant either before or after the statute has run." *Gee, supra* at 633. However, Pennsylvania courts view this doctrine strictly. *Gee, supra* at 634. It is not sufficient that there be merely a "clear, distinct and unequivocal acknowledgment of a debt as an existing obligation." See *Gurenlian v. Gurenlian,* 407

Pa. Super. 102, 114, 595 A.2d 145, 151 (1991) (quoting *Maniatakis'Estate,* 258 Pa. 11, 15, 101 A. 920, 921 (1917) (citations omitted) (setting forth rigid requirements for applicability of acknowledgment doctrine). Pennsylvania law further demands that there be *"no uncertainty* either in the acknowledgment or in the identification of the debt." *Id.* at 114, 595 A.2d at 151. (emphasis added) Accord *Fix'[s] Estate,* 140 Pa. Super. 60, 12 A.2d 826 (1940). See also, *Huff v. Von Bestecki,* 59 York 93, 96 (Pa.C. 1945) (stating, "It matters not where the uncertainty lies, whether in the acknowledgment or in the identification, its existence is equally fatal to the plaintiff's recovery."). Hence, a debtor's intention must be precise.

In the instant case, defendant unequivocally acknowledged its obligation with respect to the principal of the debt. This court does not hesitate to find that such acknowledgement removed the statute of limitations with respect to the principal. However, there was uncertainty in the identification of interest as being part of the debt defendant intended to revive. As pointed out in our memorandum opinion, defendant never acknowledged a duty to pay the contested interest. To the best of our recollection, the issue whether defendant owed interest was in dispute both prior to and at the time that defendant tendered a check for the principal due. Indeed, defendant vigorously litigated any duty to pay any interest in the underlying action. Memorandum opinion and order of March 7, 1994, at 6.

It is clear that the acknowledgment doctrine is a mechanism by which a debtor *voluntarily* manifests a present intention to pay an outstanding debt that, because of the creditor's want of due diligence, cannot be satisfied by resort to legal recourse. See *Quaker City Chocolate & Confectionery Co. v. Delhi-Warnock*

*Building Association,* 357 Pa. 307, 313-314, 53 A.2d 597, 600 (1947) (noting payment must be voluntary act of debtor). See also, Restatement (Second) of Contracts §82 at 208 (1981) (requiring voluntary acknowledgment to obligee or voluntary transfer of money). A debtor, having voluntarily exposed himself or herself to a revived action, of course, may limit the scope of that voluntary act. After the applicable statute of limitations has run and a debtor voluntarily acknowledges or promises to pay the outstanding debt, this court will not broaden that debtor's liability beyond that which he or she intended to pay. See *Goodis v. Meneses,* 33 D.&C.2d 671, 673 (C.P. Delaware Co.) (1964) (stating, "[T]he law will sometimes imply a promise where none was actually made, but *it will not enlarge* an actual promise to pay the claim, upon a certain contingency, into an absolute promise to pay the whole claim on demand or in any event despite the debtor's express declaration that the conditional promise is all that he can or will make.") (emphasis added) (citing *Hazlett v. Stillwagen,* 23 Pa. Super. 114 (1903)).

The acknowledgment doctrine serves a very useful purpose, providing a benefit to both debtor and creditor. The creditor receives payment on a debt that would otherwise be unenforceable. The debtor satisfies a moral obligation to make payments pursuant to a contract where no legal obligation exists and, thereby, bolsters the credibility of his or her business practices. If plaintiff's interpretation of the acknowledgment doctrine prevailed, then debtors would be especially discouraged from acknowledging debts because they would automatically be forced to pay all the accruing interest. The law is not shaped to discourage the payment of an obligation it can no longer enforce.

24

The four year statute of limitations applicable in contract cases serves to protect prospective defendants from suffering continuing anxiety over the possibility of the commencement of an action against them in the future. Because the acknowledgment doctrine removes this protection, it is incumbent upon plaintiff to establish that both the acknowledgment and the identification of the debt are free from ambiguity. Plaintiff has failed to meet this burden with respect to the interest that accrued on the amount held by defendant prior to May 8, 1988. Due to the uncertainty of the identification of that debt, the claim for such interest was not revived by defendant's payment to plaintiff on December 28, 1990.

## ORDER

And now, November 1, 1994, upon consideration of plaintiff's motion for post-trial relief, plaintiff's brief in support of its motion, and defendant's brief in opposition to plaintiff's motion, it is hereby ordered and decreed that plaintiff's post-trial motions are dismissed.